Reversed and Remanded and Opinion filed March 27, 2003









Reversed
and Remanded and Opinion filed March 27, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00308-CV

____________

 

DONALD JACKSON, Appellant

 

V.

 

THURAHAN, INC., d/b/a
DOWNTOWN TRANSMISSION, Appellee

 



 

On
Appeal from the County Civil Court at Law Number One

Harris County, Texas

Trial
Court Cause No. 749,636

 



 

M
E M O R A N D U M   O P I N I O N








Appellant,
Donald Jackson, brought suit against Thurahan, Inc.,
alleging various causes of action arising from repair work to his
automobile.  After Jackson failed to
appear  when the case was called to
trial, the trial court dismissed the case for want of prosecution and
subsequently denied Jackson=s motion to reinstate the case. In three points of error,
Jackson argues that the trial court erred in (1) dismissing his case without a
hearing, (2) refusing to reinstate the lawsuit after Jackson established that
the failure to appear resulted from a clerical error and was not intentional or
the result of conscious indifference, and in (3) refusing to reinstate the case
due to a separate lawsuit pending between the same parties. We reverse and
remand.

FACTUAL
BACKGROUND

This
case arises out of a dispute over repairs to a 1991 BMW 735I automobile.  Originally set for trial on October 15, 2001,
the case was continued at the request of Thurahan.  The trial court signed an order resetting the
case for February 4, 2002.  When the
court called the case to trial, Jackson failed to appear either in person or
through counsel.  

On
February 7, the trial court sent a  AMotion
for Entry/Notice of Intent to Dismiss@  to both parties.  The notice stated that a hearing was set for
entry of judgment on February 22, 2002, and that Afailure to appear on the date set will subject this case to
being dismissed for want of prosecution.@  However, on February
13, a visiting judge signed an order of dismissal without prejudice.  Also on February 13, Jackson filed his
verified AMotion to Retain Case After Notice of Dismissal Without
Prejudice,@ in which he argued trial counsel Afailed
to docket the trial setting on his trial docket or to notify Jackson of the
trial setting as a result of the failure to docket the trial setting on his
computer, and on the office=s appointment book.@  

On
March 4, 2002, an oral hearing was held. 
At the hearing, Jackson argued that the case should be reinstated
because the failure to appear was accidental. 
Thurahan objected to reinstatement on the
grounds that (1) an Aidentical@ case between the same parties was pending in another court[1]
and (2) Jackson had not responded to Thurahan=s
discovery request.  At the hearing, the
court stated:








I=m
not going to contradict what Judge Bradsaw-Hull did
or divvy it up and put it in another court. 
That is not judicial economy.  At
this time I will deny the motion to reinstate on multiple grounds, including
the one we have just been discussing.

 

The court
then denied the motion to reinstate, and this appeal ensued.

STANDARD
OF REVIEW

A
trial court=s authority to dismiss a case for want of prosecution derives
from two sources: Texas Rule of Civil Procedure 165a and the court=s
inherent power.  Tex. R. Civ. P. 165a(1); 
Johnson‑Snodgrass v. KTAO, Inc., 75 S.W.3d 84, 87 (Tex. App.CFort Worth 2002, pet. filed).  When
reviewing a dismissal for want of prosecution, the sole issue is whether
appellant can demonstrate a clear abuse of discretion by the trial court.  Jimenez v. Transwestern
Prop. Co., 999 S.W.2d 125, 129 (Tex. App.CHouston [14th Dist.]
1999, no pet.) (affirming dismissal for want of prosecution pursuant to trial
court=s
inherent power).  To determine whether
there is an abuse of discretion, the reviewing court must determine whether the
trial court acted without reference to any guiding rules or principles. See
Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986). 

ANALYSIS

In
his first point of error, Jackson argues the trial court erred in entering a
dismissal order without a hearing.  A
party must be provided with notice and an opportunity to be heard before a
court may dismiss a case for want of prosecution pursuant to either Rule 165a
or its inherent authority.  Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  A failure to provide adequate notice of the
court=s
intent to dismiss for want of prosecution requires reversal.  Id. 
However, where a trial court subsequently grants a hearing on a motion
to reinstate, the error may be cured.








In
Jimenez, substitute counsel appeared and informed the court that
plaintiff was not ready to proceed. 999 S.W.2d at 128.  The trial court dismissed the cause for want
of prosecution.  Id.  The parties did not dispute that the trial
court failed to provide the plaintiff with notice of the dismissal.  Id. 
The plaintiff filed a verified motion to reinstate and had a hearing on
the merits of that motion.  Id.  Noting that a hearing on a reinstatement
motion is the very same hearing with the same burden of proof that a plaintiff
should be given before an order of dismissal is signed, we held that the
hearing on Jimenez=s reinstatement motion satisfied the due process rights
applicable to the dismissal of his case. 
Id.  Though Jimenez was not
provided with notice of the trial court=s intent to dismiss the case for want of prosecution prior to
the dismissal hearing, he was nevertheless afforded his due process rights
because he received actual notice of the dismissal order in time to file a
motion to reinstate, and a hearing was held on that motion. Id.

Similarly,
other courts have found that, when the trial court grants essentially the same
notice and burden of proof at the hearing on a motion to reinstate, the moving
party can establish no harmful error for lack of notice.  See Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d
398, 402‑03 (Tex.
App.CDallas
2001, pet. denied); F.D.I.C. v. Kendrick, 897 S.W.2d 476, 480 (Tex. App.CAmarillo 1995, no writ); Clark v. Yarbrough, 900 S.W.2d 406, 409
(Tex. App.CTexarkana 1995, writ denied). 

In
the instant case, Jackson filed a timely and proper motion to reinstate the
case.  He was afforded the opportunity
for a full evidentiary hearing at which he had the same burden of proof that he
would have had at a hearing on the order of dismissal.  Thus, Jackson cannot establish harm for lack
of notice.  Accordingly, his first point
of error is overruled.








In
his second point of error, Jackson contends that the trial court erred in
refusing to reinstate the lawsuit where trial counsel=s
failure to appear for the trial resulted from clerical error and was not
conscious, deliberate, or intentional.  A
trial court may dismiss a case for want of prosecution (1) when a party fails
to appear at a hearing or at trial, (2) when the case has not been disposed of
within the supreme court=s guidelines, and (3) when a case has not been prosecuted with
due diligence.  Bilnoski
v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.CHouston [14th Dist.]
1993, no writ).  Rule 165a provides that
the trial court must reinstate the case upon finding, after a hearing, that the
failure of the party or his attorney was not intentional or the result of conscious
indifference, but was due to accident or mistake.  See Tex.
R. Civ. P. 165a(3); Weidner v. Sanchez, 14 S.W.3d 353, 362-63 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The
party requesting reinstatement has the burden to bring forth a record
establishing that reinstatement is required. 
See Kenley v. Quintana Petroleum Corp.,
931 S.W.2d 318, 321 (Tex.
App.CSan Antonio 1996, writ denied).  The
operative standard is essentially the same as that for setting aside a default
judgment.  See Smith v. Babcock &
Wilcox Const. Co., 913 S.W.2d 467, 468 (Tex. 1995) (adopting test from Craddock
v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939), and noting that a Afailure
to appear is not intentional or due to conscious indifference within the
meaning of the rule merely because it is deliberate; it must also be without
adequate justification@).  Proof of accident,
mistake, or another reasonable explanation negates the intent or conscious
indifference for which reinstatement can be denied.  Id. 
Conscious indifference means more than mere negligence.  Ivy v. Carrell,
407 S.W.2d 212, 213 (Tex. 1966).  When
all three elements of the Craddock test are met, the trial court abuses
its discretion by not granting a new trial. 
See Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex.
1992).

Eric
C. Hixon, Jackson=s trial counsel, swore in his affidavit in support of the
motion:

My failure to appear for the trial of this case was not
intentional, or the result of conscious indifference.  This matter was not docketed on my trial
schedule, and I was unaware of the Court=s trial setting until I received a Notice of Intent to Dismiss
on February 11, 2002.  My client, Donald
Jackson, is willing to move forward on the trial on this matter.  Plaintiff request [sic] the Court to set this
matter for trial at the next available date.

Furthermore,
at the hearing on the motion, Hixon explained that
the motion for reinstatement was premised upon a Aclerical error.@  








The
court should reinstate the cause if it finds the failure of the party or
counsel to appear has been reasonably explained. Tex. R. Civ. P. 165a(3). 
Here, the motion for reinstatement states Hixon=s
failure to appear was not intentional nor was it the result of conscious
indifference and that it was due to accident or mistake.  The motion was verified by Hixon, who reiterated at the hearing on the motion that the
failure to appear was the result of a clerical error.  Because Jackson=s counsel reasonably explained the failure to appear in this
case and because there was no evidence that his failure was intentional or the
result of conscious indifference, the trial court abused its discretion when it
denied the motion for reinstatement. 
Jackson=s second point of error is sustained.








In
his third and final point of error, Jackson contends that the trial court erred
in refusing to reinstate the case based on the pendency
of another lawsuit between the same parties. In articulating his opposition to
the motion to reinstate, Thurahan=s
counsel stated Athere [was] an identical case that was previously in County
Court at Law No. 3 in Cause No. 733,698.@  Thurahan
also argued at the hearing on the motion to reinstate, and argues on appeal,
that Jackson failed to establish a Ameritorious defense.@[2]  The pendency
of the original suit became the primary basis of Thurahan=s
opposition to the motion to reinstate and, at least in part, the reason for the
trial court=s refusal to reinstate the case.[3]  However, this reason was not mentioned in
either the AMotion for Entry/Notice of Intent to Dismiss@
or the premature dismissal order signed by the visiting judge.

We
have previously held that a trial court is precluded from dismissing a case for
want of prosecution for any reason other than that set forth in the notice of
dismissal.  3V, Inc. v. JTS
Enterprises, Inc., 40 S.W.3d 533, 543‑44 (Tex. App.CHouston [14th Dist.] 2000, no pet.)  In 3V,
the notice of intent to dismiss warned the parties of the trial court=s
intent to dismiss the case for want of prosecution because the court believed
there had been a Asettlement, verdict, or decision dispositive
of the case,@ yet no final order had been filed.  Id. 
Based on information later acquired, the court learned that a settlement
or other dispositive event had not occurred, and
thus, the trial court could not dismiss the case for failure to file a final
order.  Id.  Although the trial court might have had the
authority under its inherent power to dismiss the case for failure to
prosecute, we held that it could not do so as the notice did not give the trial
court the authority to dismiss for failure to prosecute.  Id. 
Thus constrained by the language of its own notice of intent to dismiss,
the trial court could not dismiss for the failure to prosecute because it had
not given sufficient notice that the court might dismiss for that reason.  Id. 









We
find 3V sufficiently analogous to the case at bar.  Noting that the case would be dismissed for Awant
of prosecution,@ the language of the notice of dismissal was broader than that
in 3V.  However, this language
necessarily limits the dismissal to one for want of prosecutionCeither
for the reasons set forth in Rule 165a or under circumstances which
traditionally trigger a court=s inherent authority to dismiss for want of prosecution.  Moreover, the dismissal order by the visiting
judge specified the reason for the dismissal of the case was the failure of
Jackson=s
attorney to appear when the case was called to trial, a reason specifically
contemplated by Rule 165a.  Thus, Jackson
was on notice that he need only prove the failure to appear was not intentional
or the result of conscious indifference at the reinstatement hearing. See Tex. R. Civ. P. 165a(3);  Shook v. Gilmore & Tatge
Mfg. Co.,  951 S.W.2d 294, 297 (Tex.
App.CWaco
1997, pet. denied).  Because the trial
court refused to reinstate the case on grounds other than those provided in the
notice of intent to dismiss, we find that the trial court abused its
discretion, and we sustain appellant=s third point of error.

CONCLUSION

For
the foregoing reasons, the judgment of the trial court is reversed and remanded
to the trial court with instructions to reinstate the case.

 

 

 

/s/            Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed March 27, 2003.

Panel consists of Justices Yates,
Anderson, and Fowler.











[1]  The
pending litigation was an appeal from small claims court.  Jackson, at that time unrepresented, obtained
a judgment against Thurahan in small claims
court.  Thurahan
appealed to the County Court at Law No. 3. 
Jackson subsequently retained counsel, who determined there were Aadditional
causes of action [and damages] that had arisen after the time of appeal.@  However, the trial court struck the new
causes of action. Jackson then filed this lawsuit in the County Court at Law
No. 1.





[2]  A meritorious
defense is not a prerequisite to a successful motion to reinstate.  The parties=
confusion may stem from the Texas Supreme Court=s recent
comparison of the standard of review in a motion to reinstate setting to that
used in reviewing a motion to set aside a default judgment under Craddock v.
Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939).  In Smith v. Babcock & Wilcox Const.
Co., the Texas Supreme Court stated that the operative standard in
reviewing a motion to reinstate is Aessentially
the same as that for setting aside a
default judgment@ as set forth in Craddock.  See 913 S.W.2d 467, 468 (Tex. 1995)
(emphasis added).  In Craddock,
the supreme court found that a default judgment should be set aside and a new
trial ordered in any case in which the failure of the defendant to answer
before judgment was not intentional or the result of conscious indifference on
his part, but was due to a mistake or an accident; provided the motion for a
new trial sets up a meritorious defense and is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.  133 S.W.2d at 393.  However, in Babcock & Wilcox Const.
Co., the supreme court discussed only the culpability prong of the Craddock
test when analyzing Rule 165a. 913 S.W.2d at 468.  Rule 165a does not require that the party
seeking to reinstate the case establish a Ameritorious@ claim or defense, nor do we read Babcock &
Wilcox Const. Co. as requiring such. 
Compare Tex. R. Civ. P.
165a with Craddock, 133 S.W.2d at 393. 





[3]  In
opposing the motion to reinstate, Thurahan advances
the same argument required of a plea in abatement based upon the theory of
dominant jurisdiction.  As a general
rule, the court in which suit is first filed acquires dominant jurisdiction to
the exclusion of other coordinate courts, and any subsequent suit involving the
same parties and the same controversy must be dismissed if a party to the
subsequent suit calls the second court=s
attention to the pendency of the prior suit by a plea
in abatement.  See Mower v. Boyer,
811 S.W.2d 560, 563 n.2 (Tex. 1991);  Wyatt
v. Shaw Plumbing Co., 760 S.W.2d 245, 247‑48 (Tex. 1988);  Curtis v. Gibbs, 511 S.W.2d 263, 267
(Tex. 1974).  Any subsequent suit
involving the same parties and the same controversy must be dismissed if a
party to that suit calls the second court=s
attention to the pendency of the prior suit by a plea
in abatement.  Wyatt, 760 S.W.2d
at 247; Curtis, 511 S.W.2d at 267. 
As Jackson noted at oral argument, a pleading alleging the existence of
another suit pending in this State between the same parties involving the same
claim must be verified. Tex. R. Civ. P.
93(3).  Thurahan
did not file such a motion.