**Mark Thomas ALEXANDER, Appellant,**

v.

**Shanna Marie ALEXANDER, Appellee.**

No. 14–97–00283–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 1997.

Rehearing Overruled Nov. 26, 1997.

Keith Vaughan, San Antonio, for appellant.

Lenette Terry, Kelly McClendon, Angleton, for appellee.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

ONEILL, Justice.

Appellant, Mark Thomas Alexander ("Mark"), appeals the trial court's order imposing sanctions against him in favor of appellee, Shanna Marie Alexander ("Shanna"), in connection with a motion to modify in a suit affecting the parent-child relationship. In a single point of error, Mark claims the trial court erred in imposing sanctions. We affirm.

On July 19, 1996, the trial court entered an Order on a motion to modify in a suit affecting the parent-child relationship. One week later, on July 26, 1996, Mark filed a motion to modify the July 19, 1996 order on the basis that there was a reduction in his income.[1] Claiming that Mark's motion to modify was groundless and filed in bad faith in violation of TEX. R. CIV. P. 13 and TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1) & (3) (Vernon Supp.1997), Shanna moved for sanctions under TEX. R. CIV. P. 215(2)(b) and TEX. CIV. PRAC. & REM. CODE ANN. § 10.004, respectively. Shanna claimed the issues raised in Mark's motion to modify could and should have been litigated in the prior proceeding. The trial court held a hearing on both motions, and on November 14, 1996, entered an order reducing Mark's monthly support obligation. On January 24, 1997, the trial court

---

1. The motion to modify provided in relevant part as follows:

   6. *Modification of Support*
   The circumstances providing for the support of the child have materially and substantially changed since the rendition of the order to be modified, and the support payments previously ordered should be decreased. Movant requests that any decrease made be retroactive to the earlier of the time of service of citation on Respondent or the appearance of Respondent in this modification action.
   7. *Modification of Education Expenses of Child*

   The circumstances providing for the educational expenses of the child have materially and substantially changed since the rendition of the order to be modified, and payment of the educational expenses of the child by Movant previously ordered should be deleted or abated. Movant requests that the elimination of payment by Movant of educational expenses of the child be made retroactive to the earlier of the time of service of citation on Respondent, or the appearance of Respondent in this modification action.

granted Shanna's motion for sanctions, and awarded her $1,500.00 in attorney's fees.

Mark claims the trial court's imposition of sanctions is erroneous because the order fails to specify the acts or basis for the award. Rule 13 of the Texas Rules of Civil Procedure provides that if the trial court determines that a claim is groundless and brought in bad faith or for the purpose of harassment, it may, for good cause, impose sanctions as provided by TEX. R. CIV. P. 215(2)(b).[2] Rule 13 imposes a duty on the trial court to specify the acts or omissions on which such sanctions are based.[3] *Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 399 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Mere recitation by the trial court that good cause has been shown is not sufficient to satisfy Rule 13. *Watkins*, 795 S.W.2d at 260.

Shanna does not dispute that the trial court's failure to specify the offending conduct in the sanctions order constitutes error. Rather, she claims that Mark, by failing to object to the form of the order or request that the grounds be specified therein, has not preserved this issue for appellate review under TEX. R. APP. P. 52(a) (now TEX.R. APP. P. 33.1(a)). Numerous appellate courts have held that a complaining party waives error by failing to object to the form of the sanctions order. *Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex.App.—Austin 1997, n.w.h.);*Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 70 (Tex.App.—El Paso 1994, writ denied); *McCain v. NME Hosp., Inc.*, 856 S.W.2d 751, 755 (Tex.App.—Dallas 1993, no writ); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied).

Mark responds that he was not required to object to the form of the order because the Rule 13 directive that the court specify the basis for sanctions is mandatory. *See Tarrant County v. Tammy Chancey*, 942 S.W.2d 151, 155 (Tex.App.—Fort Worth 1997, no writ); *Friedman & Assoc., P.C. v. Beltline Road, Ltd.*, 861 S.W.2d 1, 3 (Tex. App.—Dallas 1993, writ dism'd agr.). Although the authorities cited by Mark do hold that the language of Rule 13 is mandatory and failure to comply is an abuse of discretion, the issue of whether or not such error may be waived was not addressed. *See also Zarsky*, 829 S.W.2d at 399–400; *Watkins*, 795 S.W.2d at 260–61. We agree with the courts requiring that the appellant object to a lack of particularity in the trial court before raising the complaint on appeal. Because Mark did not object to the trial court's lack of particularity, he has failed to preserve this complaint for review. *See* TEX. R. APP. P. 52(a) (now TEX.R. APP. P. 33.1(a)).

Alternatively, Mark claims he satisfied any alleged requirement to preserve error by seeking clarification of the trial court's order. At the hearing, the following exchange between the court and Mark's counsel took place:

THE COURT: ... Is there anything else I need to rule upon[?]

*     *     *     *     *     *

MR. VAUGHAN: On the motion to modify regarding education expenses.

THE COURT: Sir?

MR. VAUGHAN: On the motion to modify regarding educational expenses. I think from your ruling on motion for sanctions, I know what you've ruled but—

THE COURT: Well, the motion to [sic] sanctions as it applies to the education expenses of the child is where I find it frivolous. . . .

As reflected in the dialogue above, Mark at most requested verbal clarification that the sanctions order was based upon his proposed

---

**2.** Section 10.001 of the Texas Civil Practice and Remedies Code also provides a basis for imposing sanctions for the filing of pleadings or motions not grounded in law or filed for the purpose of harassment, delay, or needless increase in the cost of litigation.

**3.** Section 10.005 of the Texas Civil Practice and Remedies Code imposes a similar duty on the trial court:

A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.

modification of educational expenses. No further attempt was made to have the court specify the basis for the sanctions order. Neither a motion nor a written objection was filed with the trial court seeking such particularity. By not objecting to the form of the order, error was not preserved for appellate review. *See Land,* 947 S.W.2d at 667; *Campos,* 879 S.W.2d at 70; *McCain,* 856 S.W.2d at 755; *Bloom,* 825 S.W.2d at 247.

The judgment of the trial court is affirmed.