George JIMENEZ, Appellant,

v.

TRANSWESTERN PROPERTY COMPANY, Appellee.

No. 14–97–00916–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1999.

Garry L. Washington, Houston, for appellants.

Michael W. Magee, Timothy Ray Hightower, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN and SEARS.*

## MAJORITY OPINION

### JOHN S. ANDERSON, Justice.

George Jimenez (Jimenez) brought a personal injury action against Transwestern Property Company (Transwestern). On the day of trial, Jimenez announced that he was not ready to proceed to trial, and the trial court dismissed his case for want of prosecution and imposed sanctions. Jimenez appeals that order. In four points of error, Jimenez argues the trial court abused its discretion in (1) dismissing the case, (2) relying on ex parte communications to support sanctions, (3) sanctioning appellant's paralegal assistant, and (4) sanctioning appellant's attorney. We affirm in part and reverse and render in part.

## I.

### BACKGROUND

Jimenez filed his original petition naming Transwestern as the defendant on January 10, 1996. His first amended original petition was filed October 11, 1996. Jimenez's suit against Transwestern was set for trial on May 7, 1997. On April 25, 1997, Jimenez's counsel filed a motion for continuance based on conflicts with trial settings in other counties. The trial court apparently reset the case to August 14, 1997. At a May 2 docket call, Transwestern learned that the continuance had been granted, even though it had notified plaintiff's counsel of its opposition to the contin-

uance. In addition, Transwestern had not been served with the continuance motion. Neither Jimenez nor his counsel was present at the May 2 proceeding.

There is no reporter's record of the May 2 docket call proceedings. However, Transwestern filed a motion for sanctions on that same day describing the events at the May 2 hearing, and that motion is verified by affidavit. Transwestern noticed certain misrepresentations in Jimenez's motion for continuance, which Transwestern was reading for the first time, and these matters were brought to the court's attention.[1] During the docket call proceedings, the trial court placed a call to Jimenez's counsel's office, and spoke, using a speaker phone so that Transwestern's counsel could participate, with Luro Taylor, a paralegal at that office. Before the end of the docket call, the trial court vacated the continuance, and again set the case for trial on May 7.[2]

On May 7th the trial court called Jimenez's suit against Transwestern to trial. Another attorney appeared on behalf of Jimenez's counsel who was ill. That substitute attorney brought to the court a response to the motion for sanctions in which Jimenez's counsel requested that the trial court deny the sanctions and set aside the order vacating the continuance. This response, which is in the nature of a motion for a continuance, is supported by the affidavit of Jimenez's counsel's physician as required by Rule 251. *See* TEX.R. CIV. P. 251. Transwestern's counsel announced ready, and plaintiff's counsel announced not ready because Jimenez's attorney was ill. Transwestern orally requested the court to dismiss the case for want of prosecution, and asked

---

* Senior Justice Ross A. Sears sitting by assignment.

1. Transwestern's motion for sanctions sought only attorney's fees for the asserted misrepresentations contained in Jimenez's motion for continuance.

2. The trial court's docket sheet includes the following entry for the proceedings that occurred on May 2: "[C]alled to trial Wed. morning 9 AM ... in Courtroom of 189th; DWOP for late appearance; entertain motions for sanctions first." Nothing in the record suggests the trial court's intention to dismiss the plaintiff's case was communicated to either Jimenez or his counsel.

the court to grant its motion and impose monetary sanctions on Jimenez's counsel and paralegal. Both requests were granted as reflected by the court's order signed May 7. Because that order clearly distinguishes between the dismissal and the sanctions by putting those actions in separate paragraphs, it cannot be concluded that the dismissal is a part of the sanctions. Indeed, the title of the dispositive order is "Order Dismissing Case for Want of Prosecution and Order Imposing Sanctions and Attorneys Fees." Appellant appeals the May 7th order.

## II.

### ANALYSIS

### A. Dismissal For Want of Prosecution

In his first point of error, Jiminez contends the trial court erred when it dismissed plaintiff's suit for want of prosecution when plaintiff announced not ready for trial because his attorney was ill and unable to go forward with the trial. Further, Jiminez argues he was denied due process under the law when his cause of action was dismissed for want of prosecution because he did not receive notice that his case was set for dismissal.

### 1. Due Process

■ The record in the instant case reveals that *on the day of trial,* substituted counsel appeared and stated that Jimenez was not ready to proceed. The trial court at that time dismissed the suit for failure to prosecute based on Jimenez's failure to proceed to trial. Jimenez subsequently filed a verified motion to reinstate, and the trial court held a hearing on, and denied, that motion by order dated July 18, 1997. It is not disputed that the trial court failed to provide any notice to Jimenez of its intent to dismiss for want of prosecution prior to the time the case was dismissed on May 7. *See Villarreal v. San Antonio Truck & Equip.,* 42 Tex. Sup.Ct. J. 662, 663, 994 S.W.2d 628 (1999) (holding failure to provide adequate notice of the trial

court's intent to dismiss for want of prosecution requires reversal). Here, Jimenez filed a motion to reinstate and had a hearing on the merits of that motion. In *Villarreal,* however, Martin Villarreal appealed the trial court's dismissal for want of prosecution without filing a motion to reinstate in the trial court. *See id.,* 994 S.W.2d 628 at 634–35, n. 2. Because we believe Jimenez's hearing on his motion to reinstate significantly distinguishes the case *sub judice* from *Villarreal,* and concomitantly the due process analysis, application of *Villarreal* here would obfuscate what we perceive as bright line precedent regarding satisfaction of a litigant's due process rights applicable to a dismissal of a case for want of prosecution.

■ Due process requires that adequate notice be given before an order is entered dismissing a suit for want of prosecution. *See Hubert v. Illinois State Assistance Comm'n,* 867 S.W.2d 160, 163 (Tex.App.— Houston [14[th] Dist.] 1993, no writ). Because a failure to give such notice deprives the party of its right to be heard by the court, the omission of such notice is a denial of due process under the Fourteenth Amendment. *Id.*

In *Harris County v. Miller,* the Texas Supreme Court held that *either* notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient. 576 S.W.2d 808, 810 (Tex.1979) (emphasis added); *see also Lowe v. U.S. Shoe Corp.,* 849 S.W.2d 888, 891 (Tex.App.— Houston [14[th] Dist.] 1993, writ denied) (holding it is only necessary that there be notice of *either* the intent to dismiss or the order of dismissal) (emphasis in original). In the case before us, it is apparent appellant received actual notice of the order of dismissal. In *Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 57 (Tex.App.—Houston [14[th] Dist.] 1993, no writ), we held that because appellant received actual notice of the order dismissing her case in ample time to file a motion to reinstate, her due process rights were satisfied even though she did not file a motion to reinstate. *Ac-*

*cord South Main Bank v. Wittig,* 909 S.W.2d 243, 244 (Tex.App.—Houston [14th Dist.] 1995, no writ) (rejecting argument that dismissal order was invalid for lack of notice because appellant filed a motion to reinstate promptly following the order and thus received actual notice of the order in time to protect appellant's due process right to be heard regarding the dismissal).

Thus, although appellant was not provided with notice of the trial court's intent to dismiss the case for want of prosecution prior to the dismissal hearing, he was nevertheless afforded his due process rights because he received actual notice of the dismissal order in time to file a motion to reinstate, and a hearing was held on that motion. This hearing was held at a time when the trial court had full control of the judgment. *See Macarangal v. Andrews,* 838 S.W.2d 632, 633 (Tex.App.—Dallas 1992, no writ) (holding verified motion to reinstate extends the trial court's plenary jurisdiction in the same manner as a motion for new trial under TEX.R. CIV. P. 329(b)). As the supreme court noted in *State v.Rotello,* this hearing on the reinstatement motion is the same hearing with the same burden of proof that Jimenez should have been given before the order of dismissal was signed. *See* 671 S.W.2d 507, 508 (Tex.1984). We hold the hearing on Jimenez's reinstatement motion satisfied the due process rights applicable to the dismissal of his case.[3]

### 2. Diligent Prosecution

■ Trial courts possess inherent and express power to dismiss cases that have not been prosecuted with diligence. *See Rotello,* 671 S.W.2d at 509. In a dismissal for want of prosecution, the test is not abandonment; the test is due diligence. *See City of Houston v. Malone,* 828 S.W.2d 567, 568 (Tex.App.—Houston [14th Dist.] 1992, no writ). When reviewing a dismiss-

al for want of prosecution, the sole issue is whether appellant can demonstrate a clear abuse of discretion by the trial court. *Id.* To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

■ In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *See King v. Holland,* 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. *See Ozuna v. Southwest Bio-Clinical Lab.,* 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied).

The record in the instant case reveals no discovery activity after the initiation of the lawsuit. Two weeks before trial, Jimenez filed a motion for continuance based on scheduling conflicts with the trial date. There is a dispute in the record over whether Jimenez stated in the motion that it was an agreed motion. Jimenez failed to include this motion in the appellate record. Therefore, we will assume Jimenez misrepresented to the court that the motion for continuance was agreed to by opposing counsel. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex. 1987) (holding that when we are confronted with an incomplete record on appeal, we are to presume that the omitted portions of the record support the trial court's ruling).

When the trial court discovered that Transwestern opposed the motion, it vacat-

---

[3]. The issue of the adequacy of the notice of the trial court's intent to invoke its inherent authority to dismiss for want of prosecution must be addressed by the appellate court be-

fore deciding whether the trial court properly concluded that Jimenez failed to exercise diligent prosecution. *See Villarreal,* 994 S.W.2d at 631–32.

ed the continuance, and Jimenez did not file another motion for continuance before the day of trial. On the day of trial, an attorney who was not an attorney of record appeared for Jimenez and stated that Jimenez's attorney was ill and could not proceed with the trial. The trial court at that time dismissed the suit for want of prosecution.

Jimenez subsequently filed a motion to reinstate, and the trial court held a hearing on that motion. At that hearing, Jimenez did not provide any proof of discovery, any other indication that he had diligently prosecuted the case, or any reason why he had not diligently prosecuted the case. If Jimenez had any proof of his diligent prosecution, it was his burden to place that evidence before the trial court at the hearing on the motion to reinstate. He did not. Since Jimenez failed in this burden of proof, the trial court did not abuse its discretion in dismissing Jimenez's case. Point of error one is overruled.

## B. Ex Parte Communications

In point of error two, Jimenez complains the trial court erred in relying on ex parte communications to support a motion for sanctions. Because we sustain Jimenez's third and fourth points of error complaining of the sanctions portion of the trial court's order, we need not address this point. Point of error two is overruled.

## C. Sanctions

In his third point of error, Jimenez contends the trial court erred in sanctioning his attorney's paralegal assistant, Luro Taylor. Texas Civil Procedure Rule 13 authorizes the trial court to impose sanctions against an attorney, a represented party, or both, who filed a pleading that is either: (1) groundless and brought in bad faith; or (2) groundless and brought for the purpose of harassment. *See* TEX.R. CIV. P. 13; *GTE Communications Systems*

*Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). Because Taylor was not an attorney and did not sign any document in the case, the trial court did not have authority under Rule 13 or any other rule to sanction him for alleged misrepresentations[4] made to the court. Inasmuch as the record reflects the trial court acted in an arbitrary and unreasonable manner, we hold that the trial court, in failing to follow the requirements of Rule 13, abused its discretion. We sustain Jimenez's point of error three.

In point of error four, Jimenez complains the trial court erred in sanctioning his attorney, Garry Washington. Specifically, Jimenez contends the trial court failed to point out with particularity the acts or omissions on which sanctions were based as required by Rule 13, and thus the trial court committed reversible error. Rule 13 imposes a duty on the trial court to specify the acts or omissions on which sanctions are based. *See Alexander v. Alexander*, 956 S.W.2d 712, 714 (Tex. App.—Houston [14th Dist.] 1997, writ denied). However, if a sanctioned party fails to object to the form of the order imposing sanctions or request that the grounds be specified therein, that party fails to preserve the issue for appellate review. *See id.*

Here, the order imposing sanctions provides, in part, as follows:

> After considering the Motion [for Sanctions] and supporting affidavits and the response of Plaintiff's counsel's substitute attorney, and after a full hearing at which evidence was taken on the Motion, the Court finds that Gary L. Washington filed a pleading in violation of Rule 13, Texas Rules of Civil Procedure. The Court further finds that Luro C. Taylor misrepresented facts to the court.

During the proceedings before the trial court on May 7, the following colloquy

---

4. The record on appeal does not contain the motion for continuance in which misrepresentations were asserted to have been made.

occurred between the trial court and the attorney appearing for Mr. Washington:

> **Ms. Umoja:** Your Honor, is the Court making a finding of fact that Rule 13 is actually violated by hearsay?
>
> **Court:** The Court is making a finding of fact that Rule 13 has been violated in this case.

\* \* \* \* \* \* \* \*

> **Court:** I have modified [the order imposing sanctions] to include $2,980 against Gary L. Washington and $1,000 from Luro C. Taylor for filing motions in this case in violation of Rule 13, Texas Rules of Civil Procedure and for misrepresenting facts to the Court.

\* \* \* \* \* \* \*

> **Ms. Umoja:** Your Honor, just to clarify the record, would you indicate which facts were misrepresented?
>
> **Court:** No, ma'am, I won't.

██ We hold that Jimenez, pursuant to Appellate Procedure Rule 33.1, preserved for appellate review the trial court's failure to specify the acts or omissions on which the sanctions are based. The requirement of particularity in Rule 13 is mandatory, and failure of a trial court to comply with that requirement is an abuse of discretion. *See Tarrant County v. Chancey,* 942 S.W.2d 151, 155 (Tex.App.—Fort Wort 1997, no writ). Because the trial court's order lacks the particularity of findings required by Rule 13, we hold the trial court abused its discretion by imposing sanctions on Gary Washington under Rule 13. We sustain Jimenez's point of error four.

### III.

#### CONCLUSION

We affirm the dismissal of Jimenez's case, reverse the trial court's judgment imposing sanctions and render judgment that no sanctions be imposed on Luro Taylor and Gary Washington.

ROSS A. SEARS, Justice, concurring.

I concur with the majority opinion's disposition of points of error one, two, and three. However, I dissent from the majority opinion reversing the sanctions against Garry Washington. The majority opinion finds error based on the failure of the trial court to set forth the basis for assessing the sanctions pursuant to Rule 13. That holding conflicts with a prior holding of this court. This court has held that a complaining party waives error by failing to object to the form of the sanctions ordered. *See Alexander v. Alexander,* 956 S.W.2d 712, 714 (Tex.App.—Houston [14th Dist.] 1997, writ denied). The majority states the error was preserved by the substitute attorney asking "which facts where misrepresented," and cites Rule 33.1 of the Texas Rules of Civil Procedure.

The facts in this appeal are remarkable similar to the facts faced by this court in *Alexander.* The attorney for Mr. Alexander also requested verbal clarification of the reasons for the imposition of sanctions. As in this appeal, Mr. Alexander's attorney made no further attempt to have the court specify the basis for the sanction order. Further, as in this appeal, Mr. Alexander's attorney did not file a written objection or a written motion seeking particularity on the reasons for the sanctions. This court held in *Alexander* that merely asking a question, without more, was insufficient and the point of error was waived on appeal. Because Jimenez failed to preserve this complaint for review, we cannot consider it.

Accordingly, I would affirm the sanctions against Garry Washington.