In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-403 CV


____________________



TRISHA HAMRICK, Appellant



V.



MARIA LOPEZ, Appellee






On Appeal from the 172nd District Court


 Jefferson County, Texas


Trial Cause No. E-167,657






MEMORANDUM OPINION


 Trisha Hamrick appeals the trial court's dismissal of her lawsuit against appellee
Maria Lopez. We affirm.

 On August 2, 2002, Hamrick, a passenger in one vehicle, sued Lopez, a driver of
another vehicle, for injuries she sustained as a result of an automobile accident in Jefferson
County, Texas on or about August 4, 2000. On July 19, 2006, Lopez filed a motion to
dismiss for want of prosecution alleging Hamrick failed to use due diligence in prosecuting
the action. Specifically, Lopez alleged that after almost four years since the filing of the
case, Hamrick had not propounded discovery on Lopez, requested a trial setting, or answered
Lopez's request for discovery. After a hearing on the motion to dismiss, the trial court
dismissed Hamrick's claims against Lopez with prejudice and entered a take-nothing
judgment.

 On appeal, Hamrick argues the trial court erred in dismissing her cause of action
because opposing counsel offered evidence inadmissible under Texas Rule of Civil
Procedure 167.6. Hamrick complains of the following statement by opposing counsel:

 Your Honor, opposing counsel has represented to me that one of the reasons
they can't produce these records is because the plaintiff can't recall the doctors
who she went to. She can't remember if she went to a hospital or which
hospital she went to; and I don't think she's going to be able to come up with
that information prior to a trial setting. 


Hamrick maintains that because she had provided this information to opposing counsel
during an informal settlement conference just prior to the hearing on Lopez's motion to
dismiss, that the information constituted inadmissible evidence under Rule 167.6 and Rule
167.7. 

 Rule 167.6 states the following:

 Evidence relating to [a settlement] offer . . . is not admissible except for
purposes of enforcing a settlement agreement or obtaining litigation costs. The
provisions of this rule may not be made known to the jury by any means.


Tex. R. Civ. P. 167.6. Rule 167.7 provides that Rule 167, the rule governing settlement
offers, does not apply to any offer made in a mediation or arbitration proceeding. Tex. R.
Civ. P. 167.7. Under Texas Rule of Appellate Procedure 33.1(a), a party seeking to preserve
error must have presented to the trial court a timely request, objection, or motion that stated
the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a). Hamrick concedes she
did not object to the evidence. Even if she had preserved error, Hamrick provides no
authority, nor are we aware of any, that supports her argument that opposing counsel's
statement amounted to inadmissible evidence under Rules 167.6 or 167.7. Although
statements made in compromise negotiations are generally inadmissible, an objection is
required to preserve error. See Tex. R. Evid. 408, 103(a)(1). 

 A trial court has the inherent power to dismiss a case when the case has not been
prosecuted with due diligence. See Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999). "When reviewing a dismissal for want of prosecution, the sole issue
is whether appellant can demonstrate a clear abuse of discretion by the trial court." Jimenez
v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex. App.--Houston [14th Dist.] 1999, no
pet.) In determining whether there is an abuse of discretion, the reviewing court must
determine whether the trial court acted without reference to any guiding rules and principles. 
See id. 

 In deciding whether a party has demonstrated a lack of diligence in prosecuting a
claim, a trial court may consider the entire history of the case, the length of time the case was
on file, the extent of activity in the case, whether a trial setting was requested, and the
existence of reasonable excuses for delay. Rainbow Home Health, Inc. v. Schmidt, 76
S.W.3d 53, 56 (Tex. App.--San Antonio 2002, pet. denied); Jimenez, 999 S.W.2d at 129;
Christian v. Christian, 985 S.W.2d 513, 514-15 (Tex. App.--San Antonio 1998, no pet.);
King v. Holland, 884 S.W.2d 231, 237 (Tex. App.--Corpus Christi 1994, writ denied). No
single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial
does not conclusively establish diligence. See Ozuna v. Sw. Bio-Clinical Lab., 766 S.W.2d
900, 902 (Tex. App.--San Antonio 1989, writ denied), disapproved on other grounds, by
Villarreal, 994 S.W.2d at 633, and Cappetta v. Hermes, 222 S.W.3d 160, 165-66 (Tex. App.--San Antonio 2006, no pet.).

 The record in this case reveals that at the time of the hearing, the case had been on file
for over four years. Hamrick had propounded no discovery on Lopez. Lopez sent Hamrick
discovery on September 30, 2002, and at the time of the hearing almost four years later,
Hamrick still had not formally responded. Hamrick's counsel argued that the delay was
caused by challenges in communicating with Hamrick because she had moved to Houston
and now he does not know where she lives. Prior to the hearing, Hamrick had not requested
a trial setting. According to Hamrick's counsel, Hamrick incurred over twelve hundred
dollars worth of medical costs, and the case could be set for trial in three or four months if
the parties could be located. The trial court did not abuse its discretion in dismissing
Hamrick's claims against Lopez.

 We overrule appellant's sole issue. The trial court's judgment dismissing appellant's
claims against appellee with prejudice is affirmed.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on April 12, 2007

Opinion Delivered October 11, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.