# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00480-CV

**Daneshjou Company, Inc., Appellant**

**v.**

**Mike Sanders, Individually and d/b/a Modern Design & Construction; and
Mullican Flooring, Appellees**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-04-279632, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Daneshjou Company, Inc. appeals from an order dismissing its claims against Mike Sanders, Individually and d/b/a Modern Design & Construction, and Mullican Flooring for want of prosecution. Daneshjou contends that its failure to prosecute this case for nearly four years after filing it was neither intentional nor the result of conscious indifference, but was due in part to the refusal of appellees' counsel to respond to a request for agreement to substitution of counsel and to confusion as to who was representing Daneshjou in this case. We affirm the dismissal for want of prosecution.

Daneshjou filed this suit on July 16, 2004, alleging damages resulting from Sanders's installation of wood flooring manufactured by Mullican. On November 15, 2004, Mullican filed an answer. Sanders filed his answer on June 1, 2005. The next filing in the clerk's record is a change-of-address notice from Sanders's counsel, filed October 3, 2005. Daneshjou asserts without

contradiction that it requested that attorney Dolezal substitute as counsel in this case on June 7, 2007, although there is no indication of this request in the record. The trial court sent notice of its intention to dismiss this case for want of prosecution on April 20, 2008.[1] The next activities in the record are Daneshjou's Motion to Retain Case on Court's Docket and Unopposed Motion to Withdraw and Substitute Attorney in Charge, filed May 27, 2008. The district court dismissed this case for want of prosecution on May 30, 2008.

We review a dismissal of a case for want of prosecution or a decision on a motion to reinstate to determine whether the trial court clearly abused its discretion. *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.] 1992, no writ); *see Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A court abuses its discretion by acting without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A court may dismiss a case for want of prosecution under either Rule 165a or under its common law inherent authority. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). Any case not disposed of within the supreme court's time standard may be placed on a dismissal docket. Tex. R. Civ. P. 165a(2). Statutory county court judges should, so far as reasonably possible, ensure that all non-family civil jury cases are brought to trial or final disposition within eighteen months from appearance date. Tex. R. Jud. Admin. 6(b)(1). In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire

---

[1] This is demonstrated by a statement in the Order of Dismissal, signed May 30, 2008. An entry in the trial court's docket statement recites that this case was placed on the dismissal docket on April 17, 2008.

2

history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not establish diligence. *Id.*

This case had been pending nearly four years when it was dismissed. Daneshjou filed the motion to retain three years after Sanders answered. There was essentially no activity in the case during that time. The trial court's docket sheet lists no activity between October 3, 2005—appellee's counsel's change of address notification—and April 17, 2008—the court's notice placing the case on the dismissal docket. Appellees assert in their brief without contradiction that no discovery occurred, and we find no indication in the record that any did. We find no trial setting in the record, and we find no indication that Daneshjou was diligently prosecuting this matter or was ready to proceed. Daneshjou asserts that the delay in prosecution was due to appellees' failure to respond to his requests for agreement with his motion to substitute counsel and confusion over which counsel was representing Daneshjou in this case during this period. Even if appellees' failure to respond could somehow have prevented Daneshjou from filing the motion or if confusion over who was representing Daneshjou prevented prosecution beginning June 7, 2007, the years of inactivity before that date remain unexplained and unexcused. *Cf. Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 901 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (plaintiff who obtained new counsel after becoming dissatisfied with original counsel's inactivity after 16 months entitled to reinstatement). There is no showing of accident or mistake causing Daneshjou's failure to prosecute the case. There

3

is no indication in the record that Daneshjou took any actions toward prosecuting the case other than trying to retain the case on the trial court's docket. Based on the years of Daneshjou's failure to prosecute or pursue this case, we conclude that the trial court did not abuse its discretion by dismissing this case for want of prosecution under either the rules of procedure or pursuant to its inherent power.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: December 2, 2009

4