**Affirmed and Memorandum Opinion filed August 30, 2018.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00471-CV

## MICHAEL (MIKHAIL) TYURIN, M.D., Ph.D., Appellant

v.

## FIA CARD SERVICES, NA, Appellee

**On Appeal from the County Civil Ct. at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1078597**

## MEMORANDUM OPINION

Appellant Michael (Mikhail) Tyurin, M.D., Ph.D., challenges the trial court's final order dismissing his cause of action against FIA Card Services, NA, for want of prosecution. Representing himself on appeal, in his brief Tyurin brings what he represents as six issues in his "Issues Presented" and then argues as a single issue in his "Argument." Tyurin also filed what is styled a "Reply Brief; Amended [] Brief and Cross-Claim, under the 1st Amendment" that contains six issues in his "Issues

Presented," argued as three issues in his "Argument." We affirm.

## I. BACKGROUND

According to Tyurin, he sued FIA in the justice of the peace court for "civil law common theft," alleging that FIA did not acknowledge credits posted by merchants to Tyurin's credit card account with FIA. Apparently, the justice court determined that FIA was never properly served with citation. According to Tyurin, the justice court "did not rule no award and did not sign no Order per the case."[1]

On June 7, 2016, Tyurin filed an application for writ of certiorari in the county court at law.[2] Tyurin asserted that the final determination of the justice court suit worked an injustice to him that was not caused by his own inexcusable neglect. Tyurin alleged that the justice court judge "falsely" claimed that FIA was not served and that "his civil rights were violated" in the justice court. According to Tyurin, he "promptly reported said JP 8-2 Court to the FBI."[3]

On June 1, 2017, the county court issued a Notice of Intent to Dismiss. The notice stated:

> The case WILL BE DISMISSED FOR WANT OF PROSECUTION unless one of the following actions is taken by 06/12/2017 at 1:00 PM.

---

[1] There is nothing in the clerk's record on appeal that shows actions taken by the justice court, and there is no reporter's record from any hearing conducted before the justice court.

[2] A party may directly appeal a final judgment from justice court to the county court. *See* Tex. R. Civ. P. 506.1. After final judgment in a justice court case, a party may apply to the county court for a writ of certiorari. *See id.* 506.4. These are distinct and cumulative remedies. *See King v. Oak Ridge Apartments*, No. 04-16-00667, 2017 WL 2562743, at *2 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.).

[3] Tyurin further alleged that FIA retaliated against his justice court suit in the form of additional theft by taking all the cash from all his accounts and by cancelling his credit card account. He asserted that because of FIA's actions, Tyurin was unable to purchase medications for his multiple life-threatening conditions, developed "catastrophic physical injuries," and was unable to generate income. Tyurin sought to recover his "lost earnings."

2

1. A non-suit or motion to dismiss is filed;

2. An answer is filed; or

3. A verified motion to retain showing good cause must be filed ten (10) days prior to 06/12/2017 at 1:00 PM. All motions to retain must be heard on 06/12/2017 at 1:00 PM unless notified not to appear by the Court.

FAILURE TO APPEAR ON 06/12/2017 at 1:00 PM WILL RESULT IN THE CASE BEING DISMISSED FOR WANT OF PROSECUTION.

The record does not contain a nonsuit, motion to dismiss, or an answer.[4] The record also does not contain a verified motion to retain. Nor does the record indicate that any party appeared in the trial court on June 12, 2017. The county court signed its order of dismissal on June 12, 2017, dismissing Tyurin's cause of action for want of prosecution. Tyurin did not file a motion to reinstate.

Tyurin appealed.

## II. ANALYSIS

As an initial matter, we note that Tyurin has the burden to present and discuss his appellate issues in accordance with the appellate briefing rules. *See Smith v. Smith*, 541 S.W.3d 251, 260 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Vo v. Doan*, No. 14-14-00994-CV, 2016 WL 3574671, at *9 (Tex. App.—Houston [14th Dist.] June 30, 2016, pet. denied) (mem. op.)). Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Canton–Carter v. Baylor Coll. of Med.,* 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Parties asserting error on appeal must

---

[4] FIA asserts that it filed no answer because it was not properly served.

put forth some specific argument and analysis showing that the record and law support their contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing Tex. R. App. P. 38.1(h)).

It is not our duty to review the record, research the law, and then fashion a legal argument for an appellant when he has failed to do so. *Canton-Carter*, 271 S.W.3d at 930. Nor is it our duty to perform an independent review of the record for evidence supporting an appellant's position. *See Priddy v. Rawson*, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) (citing *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006)); *see* Tex. R. App. P. 38.1(g), (i) (requiring the statement of facts and argument be supported by citations to the record). Also, as here, where an appellant appends other documents not contained in the record to his briefs, we do not consider them. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Tyurin's complaints are multifarious and difficult to discern.[5] Even considered liberally, Tyurin's appeal pushes the limits of what is acceptable without finding briefing waiver. We address the merits of his issues as best we can.

*Justice court actions.* In his brief and in his reply/amended brief, Tyurin's first issue complains of the justice court's actions. He argues that the justice court judge engaged in fraud, was not impartial, repeatedly harassed Tyurin, violated his due process rights, and ignored his timely notice of appeal. However, the only

---

[5] Within the "Argument" sections of his briefs, Tyurin includes discussions of various legal concepts that do not advance his issues, *e.g.*, the economic loss rule, the independent injury doctrine, intentional infliction of emotional distress, recusal and disqualification, fraud upon the court, evidence tampering, and perjury.

documents in the record pertaining to Tyurin's justice court suit are: (1) the certification that the Secretary of State of Texas received a copy of the justice court citation on November 2, 2015, and forwarded a copy to FIA at an address in Wilmington, Delaware, on November 6, 2015;[6] and (2) a justice court notice of unexecuted citation dated May 26, 2016 sent to Tyurin. Even assuming we may address complaints directed towards the justice court in this appeal, we must conclude the complaints lack merit because the record does not support Tyurin's complaints regarding that court. *See King v. Oak Ridge Apartments*, No. 04-16-00667, 2017 WL 2562743, at *1 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.). We overrule Tyurin's first issue.

*County court actions.* In his second issue in his brief and in his reply/amended brief, Tyurin expresses discontent regarding how his status as an indigent litigant was handled by a deputy with the Harris County Clerk. However, Tyurin also acknowledges that the Harris County Attorney's Office decided not to contest his indigency. We conclude that Tyurin has not assigned any error to how the county court proceeded with his indigent status.

Within this issue, Tyurin also asserts that he did not receive the notice to dismiss for want of prosecution until he received the final dismissal order on June 12, 2017. The record contains the county court's notice of intent to dismiss the case, signed on June 1, 2017, which informed Tyurin that his case could be dismissed unless certain actions took place or he appeared at the dismissal hearing. The notice contained the date, time, and place to appear for the hearing: June 12, 2017, 1:00 p.m., at the address and floor of the county court. The record does not reflect that any of the actions listed in the notice occurred or that any party appeared. The order

---

[6] We note that this address is the same one contained in Tyurin's application for writ of certiorari.

of dismissal was signed on June 12, 2017, which is the date the county court had set for dismissal for want of prosecution. The next day, June 13, 2017, Tyurin filed his "Notice of Appeal as of Right from Order of Dismissal for Want of Prosecution Signed on June 12, 2017 and Made Available to Appellant Only on June 12, 2017."

There is no question that Tyurin received actual notice of the order dismissing his case in time to perfect appeal. Assuming that Tyurin received no notice of the intent to dismiss, he received notice of the actual order of dismissal for want of prosecution in ample time to file a motion to reinstate and request a hearing but failed to do so. *See* Tex. R. Civ. P. 165a(3) (verified motion to reinstate shall be filed within 30 days after dismissal order is signed), (4) (same reinstatement procedure applies to cases dismissed pursuant to court's inherent power). We cannot find reversible error under these circumstances. *See* Tex. R. App. P. 44.1(a); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (any error in lack of notice of intent to dismiss cured where appellant timely filed motion to reinstate); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128–29 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (due process satisfied where appellant did not receive notice of intent to dismiss but timely filed motion to reinstate and hearing held); *cf. In re R.N.P.*, No. 03-12-00090-CV, 2014 WL 2957810, at *3 (Tex. App.—Austin June 25, 2014, no pet.) (mem. op.) ("To the extent the clerk's failure, if any, to send notice of this Order to Perkins can be assigned to error of the trial court, we hold that any such error was harmless because Perkins was able to timely perfect his appeal and could have, had he chosen to, filed a motion for new trial."). We overrule Tyurin's second issue.

In his third through fifth issues in his brief, comprising a single third issue in his reply/amended brief, Tyurin challenges the county court's and county clerk's failures to perform certain actions pursuant to subsections (e), (f), and (k) of Texas

6

Rule of Civil Procedure 506.4. Trial courts have discretion to decide applications for writ of certiorari under rule 506.4. Tex. R. Civ. P. 506.4; *King*, 2017 WL 2562743, at *1–2. Subsections (e), (f), and (k) only apply after a county court grants an application for writ of certiorari. *See* Tex. R. Civ. P. 506.4(e) (contents of writ), (f) (clerk to issue writ and citation), (k) (trial de novo). The county court did not grant (or deny) Tyurin's application, but rather dismissed his case for want of prosecution. We overrule these issues.

In his "summary" sixth issue in his brief, Tyurin contends that "under the 1st Amendment" the county court was "not neutral" and "war[r]ed against the Constitution." Tyurin has not cited, nor have we found, any evidence of personal bias the county court harbored against Tyurin. To the extent that Tyurin complains again about the alleged lack of notice of intent to dismiss, we already have considered and rejected that issue. To the extent that Tyurin challenges the county court's actual dismissal of his case for want of prosecution, we conclude that the county court did not clearly abuse its discretion.

"A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the trial court's inherent authority to manage its own docket." *Sumner v. Bd. of Adjustment of City of Spring Valley Vill.*, No. 14-15-00149-CV, 2016 WL 2935881, at *6 (Tex. App.— Houston [14th Dist.] May 17, 2016, pet. denied) (mem. op.); *see* Tex. R. Civ. P. 165a; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). A trial court may dismiss under rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). Likewise, the trial court has inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Where,

as here, the order of dismissal does not specify a reason for the dismissal, we must affirm if any proper ground supports the dismissal. *See Sumner*, 2016 WL 2935881, at \*6. Because we conclude that the county court's inherent authority to manage its own docket is dispositive, we examine only that basis. *See id.*

When deciding whether to dismiss a case under its inherent power, a trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case has been on file, whether a trial setting was requested, and the existence of reasonable excuses for the delay. *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ). We review the entire record and reverse a dismissal order only if the trial court clearly abused its discretion. *Id.* "When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned." *Id.* at 57. If the plaintiff does not provide a sufficient explanation for delay, then the presumption of abandonment is conclusive and the trial court shall dismiss the case. *Id.*

The central issue is whether Tyurin exercised due diligence in prosecuting his case. *See id.* at 58. Tyurin filed his application for writ of certiorari and affidavit of indigence on June 7, 2016. The county court dismissed his case on June 12, 2017. Between those dates, Tyurin's only other filing was on August 8, 2016—a "Note to the Court" informing the county court that the Harris County Attorney's Office would not be contesting his indigence. Tyurin provides no reasonable explanation as to why he did not otherwise bring his application to the county court's attention. *See Sumner*, 2016 WL 2935881 at \*7 (trial court was not required to consider petition for writ of certiorari where plaintiff did not bring request to court's attention and request decision). We overrule this issue.

*Other issues.* In his fourth issue in his reply/amended brief, Tyurin appears to complain about the actions of counsel for FIA as a "Counter-Defendant in pending

8

01-16-00810-CV." We will not consider issues from any separate appeal.[7] We overrule this issue.

In his fifth and sixth issues in his reply/amended brief, Tyurin alleges that FIA, counsel for FIA, and this court committed fraudulent acts and libel per se in this appeal. Because such issues do not concern any alleged error committed by the county court, we overrule them.

### III. CONCLUSION

Having overruled all of Tyurin's issues, we affirm the county court's judgment.


/s/     Marc W. Brown
        Justice


Panel consists of Justices Busby, Brown, and Jewell.

---

[7] The First Court of Appeals recently dismissed an appeal with this cause number. *See Tyurin v. Capital One, N.A.*, No. 01-16-00810-CV, 2018 WL 2925688, at \*1–2 (Tex. App.—Houston [1st Dist.] June 12, 2018, no pet. h.) (mem. op., per curiam).