**Affirmed and Memorandum Opinion filed December 22, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00040-CV

---

## DONG SHENG HUANG, Appellant

### V.

## OVERHAULINPRO.COM LLC, MARK DENSON, AND GARY DENSON, Appellees

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-22074**

---

## MEMORANDUM OPINION

Pro se appellant Dong Sheng Huang appeals from the trial court's denial of his motion to reinstate filed after the trial court dismissed his lawsuit for failing to prosecute his claims. We affirm.

### BACKGROUND

Huang's car was towed without consent from the Piney Point Apartments on September 21, 2010 by appellee Overhaulinpro.com, LLC. The resulting towing

fee was $187.89. Huang requested a tow hearing in justice of the peace court pursuant to Chapter 2308 of the Texas Occupations Code. *See* Tex. Occ. Code Ann. §§ 2308.001–.505. After conducting the hearing, the justice court determined there was probable cause to authorize removal of Huang's car.

Huang then appealed the justice court's decision for a trial de novo in county court. After a one-day bench trial, the county court signed a final judgment in which it concluded there was probable cause for the towing of Huang's car. Huang appealed the county court's judgment to this court, which affirmed. *See Huang v. Riverstone Residential Group*, No. 14-11-00009-CV, 2011 WL 6003949 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, pet. dism'd) (mem. op.). Huang then filed a petition for review in the Supreme Court of Texas, which was dismissed for want of jurisdiction.

Huang then filed a new lawsuit against Overhaulinpro.com in Harris County District Court in 2012. Huang sought reimbursement of the fees and costs he paid as a result of the 2010 towing of his car. Huang alleged that he incurred a total of $710.04 as a result of the towing of his car. In 2013, Huang obtained a default judgment against Overhaulingpro.com in that lawsuit. When Huang tried to collect on the default judgment, he discovered Overhaulinpro.com had forfeited its right to transact business in Texas prior to the time it towed his car.

In 2014, Huang filed another lawsuit in Harris County District Court against Overhaulinpro.com. Huang also sought to impose individual liability on Overhaulinpro.com's alleged managers, Mark Denson and Gary Denson, for the costs and fees he incurred when his car was towed. Huang alleged causes of action for common law fraud and common law fraud by nondisclosure. The appellate record indicates little occurred in the litigation in 2014, 2015, and 2016. It is unclear whether Huang successfully served the named defendants with his original

2

petition or his First Amended Petition. The appellate record indicates that none of the named defendants had filed an answer before Huang filed his Third Amended Petition on June 6, 2019. The Third Amended Petition was served on Overhaulinpro.com and Mark Denson on July 1, 2019. The third defendant, Gary Denson, was not served. The appellate record does not contain an answer filed by any of the defendants.

The trial court sent notices that the lawsuit would be dismissed for want of prosecution in 2015, on June 1, 2017, and on September 4, 2018. Each time Huang complied with the notice and filed a verified motion to retain. The trial court sent another notice that the lawsuit would be dismissed for want of prosecution on June 9, 2021. The notice informed Huang and the other named parties in the lawsuit that the case would be dismissed unless, among other options, a verified motion to retain was filed on or before July 26, 2021. Huang filed a verified motion to retain on July 26, 2021. Despite Huang filing the verified motion to retain, the trial court, without conducting a hearing, signed an order dismissing his lawsuit on October 25, 2021. The dismissal order provides:

> Based on the record and the law of the case the court DENIES the motion to retain filed by plaintiff and orders this case is hereby dismissed for want of prosecution. Additionally all matters brought in the present action have already been adjudicated in other cases. Accordingly, the doctrine of res judicata applies and the matter is DISMISSED on those grounds as well.

Huang subsequently filed a motion to reinstate. The trial court conducted an oral hearing on Huang's motion. The trial court denied Huang's motion to reinstate with a signed order. This appeal followed.

## ANALYSIS

Huang raises three issues in his appeal challenging the trial court's order

3

dismissing his case for want of prosecution. We need only reach his first two issues to resolve this appeal.

## I. The trial court did not dismiss Huang's case for lack of jurisdiction.

Huang argues in his first issue that the trial court erred when it dismissed his lawsuit for lack of jurisdiction. In support of this contention, Huang cites the trial court's interlocutory order denying his motion to accept an "amended constable return of corporation" and the trial court's comments during the hearing on Huang's motion to reinstate.

While Huang is correct that the trial court stated it was denying Huang's motion to accept an amended return of citation based on lack of jurisdiction and that the trial court expressed doubt it had jurisdiction over Huang's lawsuit during the motion to reinstate hearing, the trial court did not dismiss his lawsuit due to a lack of jurisdiction. Nor did it deny his motion to reinstate based on lack of jurisdiction. Instead, the initial dismissal order provided that Huang's case was dismissed "for want of prosecution." The trial court denied Huang's motion to reinstate without stating a reason. Because the trial court's written dismissal order and written order denying Huang's motion to reinstate do not include lack of jurisdiction as a ground for the dismissal, we overrule Huang's first issue on appeal. *See Lopez v. Brown*, 356 S.W.3d 599, 603 n.4 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("Recitals in a judgment or signed order of the court control over conflicting recitals in either the reporter's record or clerk's record."); *Cty. Of Dallas v. Poston*, 104 S.W.3d 719, 722 (Tex. App.—Dallas 2003, no pet.) ("A trial court's oral comments following a bench trial may not be substituted for a written finding of fact. Thus, we may not look to such comments to determine the basis for the trial court's ruling.").

## II. The trial court did not abuse its discretion when it dismissed Huang's

4

**lawsuit for want of prosecution.**

In his second issue, Huang complains about the trial court's orders dismissing his case for want of prosecution and refusing to reinstate his case. Huang makes five separate arguments within his second issue. First, he argues that the trial court abused its discretion because he complied with the trial court's June 9, 2021 dismissal notice by filing a verified motion to retain by the trial court's deadline. Second, he asserts that the trial court abused its discretion when it dismissed his case without holding a dismissal hearing. Third, Huang contends that the trial court abused its discretion when it dismissed his case based, in part, on the application of res judicata. Fourth, Huang asserts that if the dismissal is affirmed, he cannot refile his claims because the statute of limitations has expired. Fifth, Huang argues that the Covid-19 pandemic impacted his ability to serve Gary Denson. We address these arguments together.

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Gamboa v. Alecio*, 604 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)). Under Rule 165a, a trial court may dismiss a case for want of prosecution if a party seeking affirmative relief fails to appear for a hearing or trial of which the party had notice, or if the party seeking affirmative relief fails to get their case resolved within the time standards established by the Supreme Court of Texas. *See* Tex. R. Civ. P. 165a(1), (2). A trial court may also dismiss a case under its inherent power under the common law when a plaintiff fails to prosecute their case with due diligence. *Gamboa*, 604 S.W.3d at 515. In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length

5

of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay. *Jimenez v. Transwestern Property Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We review each type of dismissal for an abuse of discretion. *Id.* A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Id.*

Huang initially argues that the trial court abused its discretion when it dismissed his case because he complied with the requirements set forth in the trial court's June 9, 2021 dismissal notice. Huang continues that the trial court also abused its discretion when it dismissed his case without first holding a hearing. Huang cites the Supreme Court's *Villareal* opinion in support of both contentions. 994 S.W.2d at 630–31. In *Villareal* the Supreme Court held that the trial court abused its discretion when it dismissed the plaintiff's case because the notice sent by the trial court warned of dismissal for the failure to make an announcement at the dismissal hearing and it was undisputed that the plaintiff appeared. *Villareal*, 994 S.W.2d at 631. Huang argues the result should be the same here because it is undisputed that he complied with the trial court's June 9, 2021 order by filing a verified motion to retain.

We conclude that *Villareal* does not control here because it is distinguishable. First, in *Villareal*, the trial court's dismissal notice was limited to a failure to appear under Rule 165a. *Id.* at 631–33. In the present case, the notice invoked both Rule 165a and the trial court's inherent power to dismiss for failure to prosecute a case with due diligence. Therefore, Huang was on notice that he needed to demonstrate that he had prosecuted his case with due diligence or explain why he had not. Second, unlike here, there was no motion to reinstate filed in *Villareal*. *Id.* at 634–35, n.2.

6

Here, even if we assume for purposes of appeal that the trial court abused its discretion when it initially dismissed Huang's case for want of prosecution, that error was rendered harmless when the trial court held a hearing on Huang's motion to reinstate and Huang had the opportunity to be heard. *Rava Square Homeowners Ass'n v. Swan*, No. 14-07-00521-CV, 2008 WL 4390437, at \*3 (Tex. App.— Houston [14th Dist.] Sept. 30, 2008, no pet.) (mem. op.) ("In light of this court's decision regarding Rava's motion for reinstatement, Rava's complaint regarding the initial dismissal is at most a harmless error and therefore is overruled."). This hearing is the same hearing, with the same burden of proof that Huang should have been given before the dismissal order was signed. *Jimenez*, 999 S.W.2d at 129. We therefore turn to whether the trial court abused its discretion when it denied Huang's motion to reinstate.

A plaintiff such as Huang has the responsibility to prosecute a suit to an end with reasonable diligence, "failing which a trial court may dismiss for want of prosecution." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam). Based on the entire history of the case, which was initially filed in 2014, the trial court could have determined within its discretion that Huang had not prosecuted his case with due diligence. *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (finding seven–plus year delay as failing to satisfy the demands of reasonable diligence in prosecuting case); *Jimenez*, 999 S.W.2d at 130 ("If Jimenez had any proof of his diligent prosecution, it was his burden to place that evidence before the trial court at the hearing on the motion to reinstate. He did not. Since Jimenez failed in his burden of proof, the trial court did not abuse its discretion in dismissing Jimenez's case."). The trial court could also have reasonably concluded that the only explanation offered by Huang for his delay in prosecuting his case, the Covid-19 pandemic, was not a reasonable explanation

because his case had been pending for approximately six years before the pandemic disrupted the trial of lawsuits. *See In re Conner*, 458 S.W.3d at 534–35 (plaintiff offered no explanation for eight-year delay in bringing case to trial); *In Matter of McBryde Fam. Tr.*, No. 13-20-00473-CV, 2021 WL 4897562, at \*7 (Tex. App.—Corpus Christi Oct. 21, 2021, no pet.) (mem. op.) (holding trial court could have reasonably concluded that Covid-19 was not a reasonable excuse for delay given the "overall minimal activity for a case on file for eighteen months."). We hold that the trial court did not abuse its discretion when it denied Huang's motion to reinstate.

Huang's remaining arguments raised within his second issue do not change this result. Huang asserts we should consider the possibility that he would be unable to refile his lawsuit if the trial court's dismissal order is upheld on appeal because the statute of limitations has expired. A party such as Huang seeking affirmative relief "must use reasonable diligence to advance the case on the docket and move it to trial." *Gamboa*, 604 S.W.3d at 517. We hold the fact that a consequence of Huang's failure to carry his burden to diligently prosecute his case is the expiration of the statute of limitations cannot support a determination that the trial court abused its discretion when it dismissed his case for want of prosecution. *See Guzman v. City of Bellville*, 640 S.W.3d 352, 359 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (stating that "[i]t would be improper to reward a lack of diligence in pursuing discovery" by granting a continuance to the non-diligent party); *Milcoun v. Werner Co.*, 565 S.W.3d 358, 363–66 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (plaintiff's explanations for making no effort to serve defendant during ten-month period both before and after limitations expired showed a lack of diligence as a matter of law).

Finally, Huang asserts that the trial court abused its discretion when it

8

initially dismissed his lawsuit, based, in part, on the doctrine of res judicata. While Huang is correct that the trial court included res judicata as a reason in its initial dismissal order, it did not include res judicata as a reason it was denying Huang's motion to reinstate. Because we conclude that the trial court did not abuse its discretion when it denied the motion to reinstate, we need not consider the propriety of the trial court including res judicata in its initial dismissal order. *See Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.) ("Because the record in this case does not contain formal findings of fact or conclusions of law and the dismissal order does not specify the reason for dismissal other than to generally dismiss for want of prosecution, we must affirm the trial court's judgment on any theory supported by the record."); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (stating that appellate court will affirm dismissal order if trial court did not make findings of fact and conclusions of law "if any theory of law applicable to the case has support in the evidence.").[1] We overrule Huang's second issue.

---

[1] In his third issue on appeal, Huang asks this court to reassign his case to another trial judge in the interest of justice. Because we have overruled Huang's first two issues and affirm the trial court's dismissal of his lawsuit for want of prosecution, we need not reach this issue. *See* Tex. R. App. P. 47.1.

9

## CONCLUSION

Having overruled all of Huang's issues necessary to resolve this appeal, we affirm the trial court's orders dismissing Huang's lawsuit for want of prosecution.

/s/    Jerry Zimmerer
              Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.