**Opinion issued October 25, 2012**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-11-00322-CV

—————————————

**JEFFREY L. WILNER, Appellant**

**V.**

**ANDRES QUIJANO AND OSMALDO MARQUEZ, Appellees**

———————————————————————————————

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-40972**

———————————————————————————————

## MEMORANDUM OPINION

In this sanctions case, Andres Quijano and Osmaldo Marquez (collectively, "Quijano") sued Paparruchos Bar Parilla Mexicana ("Paparruchos") for dram shop violations. After the trial court entered a take-nothing judgment against Quijano, it

sanctioned appellant, Jeffrey Wilner, Paparruchos's trial counsel, for various violations of the discovery process. In four issues, Wilner contends that the trial court abused its discretion by (1) sanctioning him sua sponte without notice and a hearing; (2) sanctioning him post-trial for conduct that allegedly occurred pre-trial; (3) sanctioning him for Paparruchos's failure to pay a sanctions award that the court had previously assessed against it; and (4) failing to properly describe the basis for the sanctions against him.

We affirm.

## Background

On June 29, 2007, Quijano and Marquez visited Paparruchos. After leaving the restaurant, Marquez crashed his vehicle into a light pole, injuring both himself and Quijano, his passenger. Two years later, Quijano and Marquez sued Paparruchos and Rodrigo Salas, the alleged owner of Paparruchos at the time of the incident, for dram shop violations, alleging that Paparruchos's employees negligently continued to serve alcoholic beverages to Marquez despite his obvious intoxication, which proximately caused their subsequent injuries. Quijano served requests for disclosure pursuant to Texas Rule of Civil Procedure 194 with his original petition.

On February 23, 2010, Quijano moved to compel discovery responses and moved for sanctions against Paparruchos, arguing that although Paparruchos

2

served responses to Quijano's requests for admissions it did not serve responses to interrogatories or to requests for production. Quijano requested that the trial court require Paparruchos to pay his expenses, including attorney's fees, caused by its failure to timely comply with discovery requests. Wilner did not attend the hearing on this motion. On March 15, 2010, the trial court ordered Paparruchos to fully respond to the outstanding discovery requests and to provide the requested documents within ten days. The court did not award sanctions against Paparruchos at this time.

After Paparruchos failed to comply with this order, Quijano moved for sanctions a second time on April 26, 2010. Quijano asked the trial court to strike Paparruchos's pleadings and to order Paparruchos "and/or" its counsel, Wilner, to pay his reasonable expenses, including attorney's fees. On May 10, 2010, the trial court partially granted the motion for sanctions, awarding Quijano $1,000 in attorney's fees. The trial court marked through the section of the proposed order that imposed sanctions on Wilner, and, therefore, the court imposed sanctions solely on Paparruchos. The court determined that good cause to impose sanctions existed because Paparruchos and Wilner "committed egregious misconduct" by failing to answer discovery requests for over five months and by ignoring the court's March 15, 2010 order requiring Paparruchos to answer all outstanding discovery requests within ten days.

On March 18, 2011, Quijano moved for a continuance on the grounds that Rodrigo Salas, the alleged owner of Paparruchos at the time of the incident, did not appear for his deposition. At trial four days later, the trial court denied this motion and Quijano announced that he was not ready to proceed. Wilner was present and announced that he was ready to proceed on behalf of Paparruchos. The court rendered a take-nothing judgment against Quijano "based upon the fact that the case has been called to trial and [Quijano] is not prepared to proceed."

The trial court then informed the attorneys that it had the power to sanction conduct occurring in a case, and it took "judicial notice of the discovery process in this case." The court noted that Quijano filed two motions to compel, and it observed that the discovery responses that Paparruchos did provide "essentially gave absolutely no information whatsoever." The court concluded that these responses were filed in bad faith and violated Texas Rule of Civil Procedure 13. The court also took notice of the fact that Salas never appeared for his deposition. The court then noted that, on May 10, 2010, it had granted Quijano's motion to compel and ordered Paparruchos to pay $1,000 in sanctions, which had not been paid. The court stated:

> But what I see is a [continuing] pattern of bad faith responses on the part of Mr. Wilner, including the fact he didn't pay the $1,000 in sanctions. So I am going to sanction Mr. Wilner $5,000. That is not his client. That is Mr. Wilner is going to be sanctioned $5,000. That sanctions order will survive the take-nothing judgment in this case and will be enforceable against Mr. Wilner personally. So the fact that

4

this is a take-nothing judgment will not affect the fact that Mr. Wilner is obligated to pay $5,000 in sanctions for the conduct I have cited thus far and that is demonstrated by the record in this case. I order the $5,000 in sanctions to be paid to the plaintiffs and their attorney in this case within 30 days. Again, that order will survive the take-nothing judgment in this case which is permitted by the rules. Sanctions orders can be issued which survive the judgment in the case.

After the trial court made this pronouncement, Wilner stated that Salas's deposition was cancelled and then never reset by Quijano. The court responded:

Even if that is true, the responses to Requests for Disclosure, the fact that I had to sanction you a year ago and you didn't pay it, I think that is sufficient in and of itself. In particular, those responses to Requests for Disclosures did not convey the information that they're required to convey. That is the basis of the ruling.

The clerk's record does not include a written order imposing sanctions against Wilner. It does, however, include the trial court's docket sheet, which includes the following notation for March 22, 2011:

Motion for continuance denied and the case was called to trial. Plaintiff announced not ready and Defendant announced ready. Judgment was rendered for Defendant on all Plaintiffs' claims. The court then sanctioned Defendant's attorney, Jeffrey Wilner, $5000 for multiple instances of discovery abuse and violations of Rule 13. This included his failure to pay $1000 in sanctions in my 5/10/2010 order. This sanctions order will survive the judgment rendered today disposing of all Plaintiffs' claims. The sanctions must be paid within 30 days to Plaintiffs and their attorney. A record was made.

Wilner did not move for a new trial or file any other post-judgment motions.

## Standard of Review

We review a trial court's sanctions award for an abuse of discretion. *Finlay v. Olive*, 77 S.W.3d 520, 524 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

## Propriety of Sanctions Order

### A.    *Sua Sponte Sanctions*

In his first issue, Wilner contends that the trial court abused its discretion by imposing sanctions against him sua sponte and without notice and a hearing.

Trial courts possess the inherent power to discipline an attorney's behavior, and this power includes the ability to impose sanctions on its own motion in an appropriate case. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam) (orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("Trial courts also have inherent powers on which they may call to administer justice and preserve their dignity and integrity. This power includes the ability to sanction bad faith conduct that occurs during the course of litigation."). The trial court's power to sanction is limited by the due process clause, which requires that the court give notice of its intention to consider sanctions and provide an opportunity for the party to respond. *In re Bennett*, 960

6

S.W.2d at 40; *see Finlay*, 77 S.W.3d at 525 (providing that trial court may impose sanctions pursuant to Texas Rule of Civil Procedure 215, concerning abuse of discovery process, only after notice and hearing).

However, when an attorney fails to complain of the sanction imposed and fails to ask the trial court to reconsider its actions in imposing the sanction, the attorney waives any complaint about the trial court's actions. *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 450 (Tex. App.—Austin 2004, pet. denied) (citing TEX. R. APP. P. 33.1(a)(1)(A) (stating that to preserve error for appeal, party must make timely and sufficiently specific objection in trial court)); *Kiefer v. Cont'l Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). In *Howell*, the trial court sua sponte imposed a $3,200 sanction on appellant's attorneys, but the attorneys did not contest the sanction at the time that it was imposed, nor did they subsequently ask the trial court to reconsider its action. 143 S.W.3d at 450. As a result, the Austin Court of Appeals held that "the district court had no opportunity to correct any error it may have perceived" and that, therefore, the attorneys failed to preserve their complaints concerning these sanctions for appellate review. *Id.*; *see also Kiefer*, 10 S.W.3d at 41 ("Mills, Shirley complied with the trial court's [sanctions] order and failed to complain or ask the judge to reconsider on grounds of lack of notice. The trial court had no opportunity to correct any error it may have perceived."); *Valdez v. Valdez*, 930

S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("We hold that [the attorney] has waived this complaint on appeal because he never complained of the sanctions against him to the trial court, and thus he never gave the trial court the opportunity to correct the alleged error. He never complained to the trial court that he had no notice that sanctions could be imposed against him; the first time this complaint is made is on appeal.").

Here, Wilner contends that after the trial court rendered a take-nothing judgment against Quijano it then impermissibly imposed sua sponte sanctions against him without giving him notice and an opportunity for a hearing. The trial court sanctioned Wilner on the record at the trial. The trial court stated that its decision was based on (1) Wilner's bad faith in responding to outstanding discovery requests, (2) Salas's failure to attend his deposition, and (3) Wilner's failure to comply with the court's May 10, 2010 order and pay the $1,000 sanctions award previously assessed against Paparruchos. Wilner sought to clarify that Salas's deposition was cancelled and that Quijano "never reset the deposition," but he did not otherwise complain that the trial court's decision to impose sanctions was erroneous, and he did not object on the basis that he lacked notice. Wilner did not file a post-judgment motion challenging the trial court's sanctions order.

Because Wilner did not complain to the trial court about its sua sponte decision to impose sanctions upon him, the trial court had no opportunity to correct the alleged error when it was in a position to do so. *See Howell*, 143 S.W.3d at 450; *Kiefer*, 10 S.W.3d at 41; *Valdez*, 930 S.W.2d at 728. We therefore hold that Wilner failed to preserve this complaint for appellate review.

We overrule Wilner's first issue.

**B.** **Sanctions Awarded Post-Trial for Pre-Trial Discovery Conduct and Sanctions Against Counsel for Defendant's Failure to Pay Previously-Assessed Sanctions Award**

In his second issue, Wilner contends that the trial court abused its discretion when it imposed sanctions against him after trial for his pre-trial discovery conduct. In his third issue, Wilner contends that the trial court abused its discretion when it sanctioned him for Paparruchos's failure to pay $1,000 in sanctions that had previously been assessed against it in the court's May 10, 2010 order. We consider these issues together.

Wilner cites the Texas Supreme Court's opinion in *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167 (Tex. 1993) (orig. proceeding), and this Court's opinion in *Finlay* for the proposition that a trial court is precluded from awarding sanctions post-trial for conduct that occurred and was known to the party moving for sanctions before trial. In *Remington Arms*, the supreme court held that "the failure to obtain a pretrial ruling on discovery disputes that exist before commencement of

trial constitutes a waiver of any claim for sanctions based on that conduct." 850 S.W.2d at 170; *Finlay*, 77 S.W.3d at 525 ("Sanctions for alleged violations known to movants before trial are waived if a hearing and ruling are not secured pretrial."). In *Finlay*, we noted that "[t]o postpone rulings on completed pre-trial matters, where trial pleadings in the case are not at issue, and where trial testimony has no bearing on the sanctions dispute, would be to violate the very essence of *Remington Arms*." 77 S.W.3d at 526.

Wilner also cites the Texas Supreme Court's decision in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding), for the proposition that sanctions for discovery abuse must be just, and, in order for the sanctions award to be just, there must be a relationship between the allegedly improper conduct and the sanctions imposed. Wilner contends that the trial court abused its discretion when it imposed sanctions against him based on Paparruchos's failure to pay the previously-assessed $1,000 sanctions award because the court imposed the previous sanctions award against *Paparruchos*, not against Wilner himself, and, therefore, "there [were] no orders that were not complied with by [Wilner]."

Texas Rule of Appellate Procedure 33.1(a)(1)(A) provides that, as a prerequisite for presenting a complaint on appeal, the record must demonstrate that the complaining party made his complaint to the trial court by a timely request,

10

objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A); *see Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008) ("[T]he cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it."); *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) ("Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds."). An objection is considered timely if it is asserted at the earliest opportunity or when the potential error becomes apparent. *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 337 (Tex. App.—Dallas 2011, pet. denied); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied). As we have already held with regard to Wilner's first issue, when an attorney fails to complain of the sanction imposed by the trial court and fails to ask the trial court to reconsider its actions, the attorney waives any complaint on appeal about the trial court's action. *See Kiefer*, 10 S.W.3d at 41; *Valdez*, 930 S.W.2d at 728.

Here, after the trial court rendered a take-nothing judgment against Quijano, it addressed Wilner's conduct during the discovery period. The trial court pointed out three specific reasons why it decided to sanction Wilner pursuant to Rule 13 and its inherent power to sanction attorneys: (1) the discovery responses that

11

Wilner did serve upon Quijano "essentially gave absolutely no information whatsoever" and thus were filed in bad faith; (2) Salas failed to appear for his deposition; and (3) Paparruchos failed to pay the $1,000 sanctions award imposed against it in the court's May 10, 2010 order for failure to comply with outstanding discovery requests. As a result of this conduct, the trial court imposed a $5,000 sanction against Wilner personally. At this point, Wilner was aware that the trial court was imposing sanctions on him post-trial for conduct that occurred pre-trial and that the court was sanctioning him for *Paparruchos's* failure to comply with a previous sanctions order. Wilner, however, did not object to the trial court's actions at this time, nor did he raise these challenges in a post-judgment motion. *See Hoxie Implement Co.*, 65 S.W.3d at 145 ("[A]n objection is considered timely urged when asserted at the earliest opportunity, or when the potential error becomes apparent."); *see also First Nat'l Collection Bureau*, 348 S.W.3d at 337 (holding same).

The proper time for Wilner to have raised these challenges was at the time the trial court imposed sanctions upon him, at which point the court could have reconsidered its decision. *See In re B.L.D.,* 113 S.W.3d at 350 ("Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds."); *see also Howell*, 143 S.W.3d at 450 (requiring party to raise issue concerning sua sponte sanctions

12

before trial court so court could have "opportunity to correct any error it may have perceived"). Wilner, however, waited to raise these complaints for the first time on appeal. *See Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied) ("Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error."). We therefore conclude that Wilner has failed to preserve these issues for appellate review.

We overrule Wilner's second and third issues.

## C.     *Failure to Make Particularized Findings under Rule 13*

Finally, in his fourth issue, Wilner contends that the trial court abused its discretion by referencing Rule 13 as a basis for sanctions but failing to particularly describe his conduct that violated this rule.

A trial court may impose sanctions pursuant to Rule 13 if a pleading is groundless and brought in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Rule 13 provides, "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." TEX. R. CIV. P. 13. A trial court is "not at liberty to ignore the clear and unambiguous language of this rule," and, therefore, when the trial court imposes Rule 13 sanctions, it is "required to make particularized findings of good

cause justifying the sanctions." *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). The trial court abuses its discretion when it fails to comply with this "clear directive." *Id.*

Courts have consistently held, however, that a complaining party waives the particularity requirement of Rule 13 by failing to make a timely complaint to the trial court. *Id.* at 135–36; *see also Alexander v. Alexander*, 956 S.W.2d 712, 714 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("We agree with the courts requiring that the appellant object to a lack of particularity in the trial court before raising the complaint on appeal."); *Land v. AT&S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex. App.—Austin 1997, no writ) (holding same); *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ) ("The record does not show that appellants objected to the trial court's failure to be more specific about good cause or its particulars. Appellants preserved nothing for review.").

Here, as we have already discussed, Wilner failed to raise any challenge to the sanctions order before the trial court, either at the trial setting at which the court imposed the sanctions or in a post-judgment motion. Because Wilner failed to complain to the trial court that its sanctions order violated the particularity requirement of Rule 13, we conclude that Wilner did not preserve this complaint for appellate review. *See Tex.-Ohio Gas*, 28 S.W.3d at 136 ("[B]y failing to make

14

a timely objection, Texas-Ohio waived its complaint regarding the particularity of the sanction orders.").

We overrule Wilner's fourth issue.

## Conclusion

We affirm the sanctions order of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.