**Iqbal AKHTAR, Appellant**

v.

**LEAWOOD HOA, INC., Nafisa Yaqoob and Werner Weiss, Appellees**

**NO. 14-16-00363-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinions filed June 1, 2017

Wakil O. Oyedemi, Sugar Land, TX, for Appellant.

Wayman Lee Prince, Houston, TX, for Appellee.

Panel consists of Justices Christopher, Jamison and Donovan

## OPINION

John Donovan, Justice

Iqbal Akhtar brings this appeal from the trial court's judgment signed April 1, 2016, granting "Defendant's Motion to Strike All Plaintiff's Pleadings and Dismissal of Case." In addition to striking appellant's pleadings and dismissing his case, the trial court ordered appellant to pay sanctions in the amount of $9,300. In a single point of error, appellant claims the trial court abused its discretion because (1) there was no factual or legal basis for imposing sanctions based on the information available at the time the pleadings were filed in this case; (2) there was no evidentiary hearing; (3) the trial court failed to state any reason for the sanction in its orders; and (4) the amount of sanctions is excessive. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Leawood HOA, Inc. ("Leawood"), is the homeowners' association for Leawood Condominiums. Appellant owns several Lea-

wood Condominiums units. After the condominiums were repaired from damages caused by Hurricane Ike in 2008, Leawood attempted to collect a portion of the insurance deductible from appellant.

The question of whether or not appellant owed the assessment was litigated twice in the justice of the peace courts. In both cases, the Justice of the Peace court ruled in favor of Leawood. In each case, appellant appealed that judgment to the appropriate County Court at Law ("CCL"). The appeal to CCL No. 3, trial court cause number 1053687, was filed on October 3, 2014. Following trial on March 10, 2015, the trial judge of CCL No. 3 entered judgment against appellant on June 23, 2015.[1] The appeal to CCL No. 2, trial court cause number 1053689, was tried and judgment entered against appellant on July 23, 2015. That decision was appealed and subsequently affirmed by the First Court of Appeals. *See Akhtar v. Leawood, HOA, Inc.*, 508 S.W.3d 758 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

On February 26, 2015, during the pendency of these other proceedings, appellant filed suit against Leawood HOA, Inc., Nafisa Yaqoob and Werner Weiss (collectively "appellees") in the 189th District Court (the "trial court"), seeking relief from Leawood's attempts to collect the assessment. On March 24, 2015, appellees filed an answer and compulsory counterclaim that informed the trial court of the proceedings in CCL Nos. 2 and 3. Appellees' counterclaim asserted affirmative defenses including res judicata on the basis of the judgment in CCL No. 3 and sought damages for filing a frivolous and baseless cause of action, attorney's fees in the

amount of $9,300, and court costs of $150, as well as interest. Appellees further filed a motion for sanctions and costs pursuant to Texas Rule of Civil Procedure 13 and Chapter 10 the Texas Civil Practice and Remedies Code. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §§ 10.004, 10.005. Appellees requested sanctions of $9,300 for attorney's fees and $150 in court costs "to deter this type of conduct and establish to the Plaintiff that the filing of a frivolous complaint and/or lawsuit is a very serious matter."

Rule 13 states:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215,[2] upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law....

---

1. Appellant appealed that decision to this court on August 10, 2015. The appeal was dismissed for want of prosecution. *See Akhtar v. Leawood HOA, Inc.*, No. 14-15-00690, 2016 WL 929605 (Tex. App.—Houston [14th Dist.] March 10, 2016, no pet.) (mem. op.).

2. Rule 215 addresses "Abuse of Discovery; Sanctions."

Tex. R. Civ. P. 13. Section 10.004 provides, in pertinent part:

(a) A court that determines that a person has signed a pleading or motion in violation of Section 10.001[3] may impose a sanction on the person, a party represented by the person, or both.

(b) The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

(c) A sanction may include any of the following:

. . .

(3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

Tex. Civ. Prac. & Rem. Code § 10.004. Section 10.005 requires "[a] court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." Tex. Civ. Prac. & Rem. Code § 10.005.

On March 30, 2015, the trial court entered an order granting "Defendant's Motion for Sanctions and Costs." The order states "Plaintiff and his attorney filed no response to the motion and it is deemed unopposed." Appellees were awarded $9,300 in attorney's fees and $150 for court costs.

Appellant moved to vacate the order for lack of service. The trial court granted the motion on May 15, 2015, stating its order was "VACATED at this time and the Court may reconsider if circumstances warrant doing so."

On June 20, 2015, appellant filed a motion to consolidate his suit in the trial court with his appeal from justice court pending in CCL No. 2. Appellant's motion declares "[t]he underlying matter in that Court is the collection of the special assessment that are [sic] in issue in the case before this Court. The parties are also the same." Further, appellant's motion states that the trial court's decision regarding appellees' authority to collect the assessment and his obligation to pay them would ultimately resolve all issues in the trial court and CCL No. 2. Appellees opposed the motion and urged the trial court to reconsider sanctions. The judgment of CCL No. 3 against appellant, signed June 23, 2015, was attached to appellees' opposition. The trial court denied appellant's motion to consolidate in an order signed July 13, 2015.

Appellant then filed a first amended petition on September 2, 2015. The petition does not acknowledge the prior proceed-

---

**3.** Section 10.001 provides:

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

Tex. Civ. Prac. & Rem. Code § 10.001.

ings in the two Justices of the Peace Courts, the judgment of CCL No. 3, which had already issued, or the trial held in CCL No. 2 two months earlier.

On February 10, 2016, the trial court entered an order denying appellant's motion to compel discovery and granting reconsideration of its May 15, 2015 order. The trial court reinstated its order of March 30, 2015, granting sanctions of $9,300 against appellant.

On March 4, 2016, appellees then filed a motion to strike appellant's pleadings and dismiss the case, under Texas Rule of Civil Procedure 215 on the basis of appellant's failure to comply with the trial court's order of February 10, 2016. Rule 215.2(b)(5), (6), provides, in pertinent part:

(b) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rules 199.2(b)(1) or 200.1(b) to testify on behalf of a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, including an order made under Rules 2041 or 215.1, the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

. . .

(5) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

(6) in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

On April 1, 2016, the trial court entered an order granting appellees' motion to strike appellant's pleadings and dismiss the case. In the order, appellant's pleadings were struck and the case was dismissed "upon the intentional disobedience of the Plaintiff." Sanctions in the amount of $9,300 were again ordered. The order denies all relief not expressly granted. Appellant timely filed a notice of appeal from that order on May 2, 2016.[4]

## BASIS FOR SANCTIONS

■ Appellant first contends there was no factual or legal basis for the trial court to impose sanctions. Appellant's brief challenges the imposition of sanctions under either Rule 13 or Chapter 10. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.004(a). However, as noted above, appellees sought sanctions on March 4, 2016, pursuant to Rule 215 and it was that motion that the trial court granted. *See* Tex. R. Civ. P. 215.2. In its order of April 1, 2016, the trial court expressly granted "Defendant's Motion to Strike All Plaintiff's Pleadings and Dismissal of Case," which was the motion filed March 4, 2016,

4. On May 3, 2016, appellees filed a "Final Judgment on Order Granting Sanctions." The trial court signed that judgment on May 16, 2016. Later that same day, appellant filed an opposition to that judgment and, alternatively, requested review of the imposed sanctions. The difference between the May 16 and April 1 orders regards enforcement. But as the trial court declares in that order, appellant did not file any motion or notice of new trial within thirty days of the April 1 order. Likewise, appellees' "Final Judgment" was not filed within thirty days. Because the record does not reflect that any timely filed motion for a substantive change in the existing judgment was filed, the trial court's plenary power expired before entry of the May 16 order. *See Mann v. Kendall Home Builders Constr. Partners I, Ltd.,* 464 S.W.3d 84, 89 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

pursuant to Rule 215. The order states that "this case be dismissed upon the intentional disobedience of the Plaintiff." Further, the trial court orders appellant to pay $9,300 in sanctions "as previously Ordered by this court." Accordingly, the trial court clearly granted sanctions under Rule 215, rather than Rule 13 or Chapter 10.[5]

As this court recently recognized in *Estate of Purgason v. Good*, "[a]n appellant must challenge all independent grounds supporting the judgment or legal conclusion under attack." No. 14-14-00334-CV, 2016 WL 552149, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, pet. filed) (mem. op.) (citing *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). Any error in the challenged basis for the order is rendered harmless where there is an unchallenged, alternate basis for the appealed order. *Id.* (citing *Riley v. Cohen*, No. 03-08-00285-CV, 2009 WL 416637, at *1 (Tex. App.—Austin Feb. 19, 2009, pet. denied) (mem. op.); *In re Hansen*, No. 05-06-00585-CV, 2007 WL 824587, at *1 (Tex. App.—Dallas Mar. 20, 2007, no pet.) (mem. op.)).

In *Purgason*, we agreed with the application in *Hansen* and *Riley* of the general principle that an appellant must challenge all independent grounds supporting the order or judgment at issue. The Dallas Court of Appeals in *In re Hansen* determined the trial court's alleged error awarding sanctions under Rules 13 and 215.2 was rendered harmless by appellants' failure to challenge the independent basis for the award stated in the order, Chapter 10. 2007 WL 824587, at *1; *see* Tex. R. Civ. P. 13; Tex. R. Civ. P. 215.2; Tex. Civ. Prac. & Rem. Code § 10.004(a). Likewise, the Austin Court of Appeals in *Riley* concluded

the trial court's alleged error awarding sanctions under Rules 13 was rendered harmless by appellants' failure to challenge the independent basis for the award stated in the order, Chapter 9. *See* Tex. Civ. Prac. & Rem. Code § 9.001–.014; Tex. R. Civ. P. 13; *Riley*, 2009 WL 416637, at *1.

Although the order in this case is not as explicit as those in the cases cited, the order states it is based upon "disobedience" and expressly grants the motion filed by appellees pursuant to Rule 215. Accordingly, we conclude appellant's failure to challenge the trial court's sanctions order on the independent basis of Texas Rule of Civil Procedure 215 renders harmless the errors, if any, alleged in their challenge of the order. *See Purgason*, 2007 WL 824587, at *1; Tex. R. Civ. P. 215.

### EVIDENTIARY HEARING

Appellant also claims the trial court abused its discretion by imposing sanctions "without conducting any evidentiary hearing." However, in its argument appellant complains the trial court acted "without conducting any *appropriate* evidentiary hearing." Statements in appellant's brief reflect that oral hearings were held. Appellant complains of "the absence of records of the oral hearings," thus acknowledging their occurrence, but the reporter informed this court that no records were taken. Also, appellant's brief refers multiple times to argument before the trial court. Appellees' brief states the April 1, 2016, order was signed after an oral evidentiary hearing. Appellees also state in their brief that the trial court conducted four evidentiary hearings for sanctions in this case. Thus appellant's claim that no

---

**5.** We note that our record reflects appellees had last sought sanctions under those provi-

sions more than a year earlier.

evidentiary hearing was held is, at best, ambiguous.

■ Assuming, without deciding, no evidentiary hearing was held, the record before this court does not reflect that appellant either requested an evidentiary hearing or complained that appellees' request for sanctions was to be considered in a non-evidentiary hearing. On a party's request for sanctions, a trial court must hold an evidentiary hearing to make the necessary factual determinations. *W. Houston Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 755 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). "However, when a party does not object to the trial court's failure to conduct an evidentiary hearing, error is waived." *Id.* By failing to object to the lack of an evidentiary hearing, appellant waived the trial court's error, if any, by failing to hold such a hearing.

## PARTICULARIZED FINDINGS

■ Appellant further contends the trial court erred in failing to state in its order any reason for imposing sanctions. Rule 13 clearly states, "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." Tex. R. Civ. P. 13. Section 10.005 of the Texas Civil Practice and Remedies Code imposes a similar duty on the trial court: "A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." Tex. Civ. Prac. & Rem. Code § 10.005.

■ Failure to comply with this clear directive is an abuse of discretion. *Zarsky v. Zurich Mgmt., Inc.*, 829 S.W.2d 398 (Tex. App.—Houston [14th Dist.] 1992, no writ). However, the record does not reflect that appellant preserved this issue for our review. *See* Tex. R. App. P. 33.1(a). A complaining party waives error by failing to object to the form of the sanctions order. *Alexander v. Alexander*, 956 S.W.2d 712, 714 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Because appellant did not object to a lack of particularity in the trial court before raising this complaint on appeal, nothing is presented for our review. *Id.* (citing Tex. R. App. P. 33.1(a)). In any event, the trial court's order was based on Rule 215, not on Rule 13. And we find no objection in the record as to the form of the sanctions order under Rule 215.

## EXCESSIVE SANCTIONS

■ Lastly, appellant claims that the sanctions imposed, both the amount awarded, $9,300, and the dismissal of his pleadings, were excessive. As a prerequisite to presenting such a complaint for our review, appellant had to present his complaint to the trial court by a motion to amend or correct the judgment, a motion for new trial, or some other similar method. *See* Tex. R. App. P. 33.1; *Pryor v. State*, No. 14-05-00411-CV, 2006 WL 1528963, at *1 (Tex. App.—Houston [14th Dist.] June 6, 2006, no pet.) (mem. op.) (citing *Willis v. Willis*, 826 S.W.2d 700, 702 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Wade v. Farmers Ins. Group*, No. 14-01-00691-CV, 2002 WL 1404713, at *2 (Tex. App.—Houston [14th Dist.] June 27, 2002, no pet.) (not designated for publication) (holding that complaint regarding death penalty sanctions would be waived if not preserved with appropriate post-trial motion or some similar method)); *see also Approximately $5,602.00 v. State*, No. 14-08-00359-CV, 2009 WL 1886127, at *1 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.) (mem. op.) (holding complaint that trial court abused its discretion by imposing death penalty sanctions was

not preserved for appellate review where issue on appeal did not comport with those presented in motion for new trial). Because appellant failed to timely file any motion presenting his complaint to the trial court, nothing is presented for our review.

## CONCLUSION

For the reasons stated above, appellant's issue is overruled. The judgment of the trial court is affirmed.

(Jamison, J., concurring)

Martha Hill Jamison, Justice, concurring.

Iqbal Akhtar appeals the trial court's order signed April 1, 2016, granting "Defendant's Motion to Strike All Plaintiff's Pleadings and Dismissal of Case." In a single issue, Akhtar claims the trial court abused its discretion because, among other things, there was no legal or factual basis for the trial court to impose sanctions and the sanctions imposed were excessive. I disagree with the majority that Akhtar waived these sufficiency challenges. *See* Tex. R. App. P. 33.1(d). ("In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence—including a complaint that the damages found by the court are excessive ... may be made for the first time on appeal."). However, I agree with the majority's disposition because Akhtar did not provide a court reporter's record and thus this court is unable to review the evidence for legal and factual sufficiency. Thus, I respectfully concur.

Akhtar challenges the imposition of sanctions under Texas Rule of Civil Procedure 13 and chapter 10 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 10.004; Tex. R. Civ. P. 13. The majority concludes that the trial court assessed sanctions also under Rule 215 and, as appellant failed to challenge the sanctions award under that rule, errors in the order, if any, are rendered harmless.[1] *See* Tex. R. Civ. P. 215.1-.6. Because the April 1 order includes two separate sanctions awards, I do not agree that Akhtar's failure to challenge the order on the basis of Rule 215 waived his challenges to the sanctions imposed under Rule 13 and chapter 10.

An examination of the relevant timetable reveals that the trial court made two sanctions awards. On March 24, 2015, appellee Leawood HOA, Inc. filed a "Motion for Sanctions and Costs" under Rule 13 and chapter 10. The trial court first granted, then vacated, then reconsidered the motion. On February 10, 2016, the trial court signed an order granting Leawood's motion to reconsider and ordering Akhtar to pay Leawood $9,300 in sanctions.[2] These filings thus reflect motions and orders relating to sanctions awarded under Rule 13 and chapter 10.

On March 4, 2016, Leawood filed a "Motion to Strike All Plaintiff's Pleadings and Dismissal of Case" under Rule 215. The trial court then signed the April 1 order (1) granting the motion to strike, (2) striking Akhtar's pleadings, (3) stating that the

---

1. Although it does not affect the disposition of the case, I disagree that the sanctions assessed on April 1, 2016 were assessed also under Rule 215, although that rule was invoked by the motion to strike. Rule 215 provides specific remedies for discovery abuse, which did not occur here. *See* Tex. R. Civ. P. 215.1-.6. However, the court has inherent authority to impose sanctions for bad faith abuse of the judicial process even when the specific conduct is not covered by a rule or statute. *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

2. The motion to reconsider is not in the record.

case "be dismissed," and (4) compelling Akhtar to pay Leawood $9,300 "as previously Ordered by this Court." I interpret the April 1 order as encompassing two sanctions awards, the first award of $9,300 to Leawood that was "previously Ordered" under Rule 13 and chapter 10 and the second award striking Akhtar's pleadings and dismissing the case.

The majority cites several cases to support its holding that Akhtar was required to challenge the April 1 order under Rule 215 as well as Rule 13 and chapter 10. All of these cases are distinguishable because they deal with one sanctions award based on more than one independent ground. *See Estate of Purgason v. Good*, No. 14-14-00334-CV, 2016 WL 552149, at *1-2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, pet. filed) (mem. op.) (involving one sanctions motion and one sanctions award on the grounds of Rules 13 and 215 and chapter 10 and holding appellants were required to challenge every independent basis for the award); *Riley v. Cohen*, No. 03-08-00285-CV, 2009 WL 416637, at *1 (Tex. App.—Austin Feb. 19, 2009, pet. denied) (mem. op.) (same as to sanctions awarded under Rule 13 and chapter 9); *In re Hansen*, No. 05-06-00585-CV, 2007 WL 824587, at *1 (Tex. App.—Dallas Mar. 20, 2007, no pet.) (mem. op.) (same as to sanctions awarded under Rules 13 and 215 and chapter 10). Because the April 1 order deals with two separate sanctions awards, I would conclude that each award could be challenged separately.

Accordingly, I would address Akhtar's legal and factual sufficiency challenges. As the majority notes, however, the court reporter has informed this court that no records were taken in this case. In the absence of a reporter's record of the hearings, we are unable to review the evidence to determine whether it was legally sufficient to support the award. *See Burley v.*

*Bexar Cnty.*, No. 04-16-00596-CV, 2017 WL 2124486, at *1 (Tex. App.—San Antonio May 17, 2017, no pet. h.) (mem. op.) ("We must presume the trial court's judgment is valid and correct unless the record demonstrates otherwise.") (citing *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet denied)). I would, therefore, overrule Akhtar's issue on this basis.

For these reasons, I respectfully concur.