

# NUMBER 13-19-00517-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE GUARDIANSHIP OF SHELLEY THOMSON
### A/K/A SHELLEY SUE THOMSON, AN INCAPACITATED PERSON

---

### On appeal from the County Court at Law
### of Comal County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellants Shelley Thomson, Phil Ross, and Joann Rivera appeal from the trial court's October 31, 2019 order denying Rivera's application to be appointed Thomson's guardian.[1] By one issue, appellants argue that the trial court failed to make necessary

---

[1] This case was transferred from the Third Court of Appeals in Austin to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

findings. We affirm.[2]

## I. BACKGROUND

The trial court appointed appellee the Texas Health & Human Services Commission (the Commission) Thomson's permanent guardian on May 23, 2019, after conducting a hearing regarding Thomson's health issues. On June 17, 2019, Ross, an attorney seeking to represent Thomson in these guardianship proceedings, filed a notice of appearance,[3] asserting that Thomson had hired him to represent her in this matter and a verified motion for temporary restraining order and temporary injunction. Ross requested that the trial court issue an injunction allowing Thomson to access "her home, income, automobile and her personal property, to prevent interference with her normal daily activities by her guardian, and to have the fullest access to supports and services in the social settings that she prefers in order to fully exercise her rights to health maintenance and restoration." Ross also requested that the trial court grant a temporary injunction to allow Thomson to, among other things, choose her attorney.

On June 20, 2019, Ross filed a motion for new trial and/or reconsideration on behalf of Thomson requesting an independent medical exam and for the trial court to set

---

[2] On December 2, 2019, appellants filed a second notice of appeal of several of the trial court's orders including orders signed by the trial court on May 23, 2019, July 17, 2019, August 19, 2019, and adding this appeal of the order that the trial court signed on October 31, 2019. Appellants' purported appeals from the May 23, 2019, July 17, 2019, and August 19, 2019 orders have been severed from this cause. Thus, this appellate cause only addresses appellants' appeal of the October 31, 2019 order.

[3] On July 1, 2019, the Commission filed a motion to show authority alleging that Thomson lacked capacity to hire Ross as her attorney and that the May 23 order prohibited the filing of a petition for adjudication that a guardianship is no longer needed within a period of one year from the date of the May 23 order without special leave of the trial court. The Commission requested a hearing so that Ross could appear and show his authority to serve as Thomson's attorney. Ross filed a reply to the motion to show authority. The trial court granted the Commission's motion on July 17, 2019, because the trial court determined that Thomson lacked the capacity to enter a contract and construed the pleading as a complaint.

aside its May 23 order. In the motion, Ross argued, among other things, that there was no evidence to support the trial court's determination that Thomson lacked capacity, the Commission was violating her rights, and she had been misdiagnosed by the doctor who found her to be incompetent. We address the merits of Thomson's appeal of the May 23 order in appellate cause number 13-20-00378-CV. *See In the Guardianship of Shelley Thomson a/k/a Shelley Sue Thomson, an incapacitated person*, No. 13-20-00378-CV, __ WL __, at *__ (Tex. App.—Corpus Christi–Edinburg __ __, 2020, no pet. h.) (mem. op.).

On July 1, 2019, pursuant to rule 12, the Commission filed a motion to show authority alleging that Thomson lacked capacity to hire Ross as her attorney and requesting that the trial court strike Ross's June 17 pleadings. *See* TEX. R. CIV. P. 12. The Commission requested a hearing so that Ross could appear and show his authority to serve as Thomson's attorney. Ross filed a reply to the motion to show authority. The trial court granted the Commission's motion in part on July 17, 2019. Specifically, the trial court ordered "that until such time as an attorney-client contract is submitted and approved by the Court, the Court finds the current attorney-client contact void." However, the trial court did not strike Ross's pleadings. Instead, it construed them as a complaint and considered the merits. In appellate cause number 13-20-00379-CV, we conclude that the attempted appeal of the July 17 order is not a final appealable order. *See In the Guardianship of Shelley Thomson a/k/a Shelley Sue Thomson, an incapacitated person*, No. 13-20-00379-CV, __ WL __, at *__ (Tex. App.—Corpus Christi–Edinburg __ __, 2020, no pet. h.) (mem. op.). On August 19, 2019, the trial court denied Ross's complaint. This Court has concluded that the appeal of the August 19 order in appellate cause number 13-20-00380-CV is untimely. *See In the Guardianship of Shelley Thomson a/k/a*

3

*Shelley Sue Thomson, an incapacitated person*, No. 13-20-00380-CV, __ WL __, at *__ (Tex. App.—Corpus Christi–Edinburg __ __, 2020, no pet. h.) (mem. op.).

On October 3, 2019, Rivera, represented by Ross, filed a notice of appearance stating that Rivera was available and willing to be appointed Thomson's successor guardian and requesting for the trial court to find that she was qualified and that it is in Thomson's best interest that she be appointed successor guardian. On October 31, 2019, the trial court denied the relief requested by Rivera.[4] This appeal followed.

## II.   DISCUSSION

By their sole issue, appellants contend that the trial court failed or refused to make a finding pursuant to the estate code regarding Rivera's qualification to serve as Thomson's guardian and that it is in Thomson's best interest that Rivera be appointed. Appellants cite nothing in the record showing that the trial court failed to make these findings. The Commission responds that perhaps appellants believe that the trial court was required to make these findings in its October 31 order. In this appeal, appellants do not specifically challenge the merits of whether it is in Thomson's best interest that Rivera be allowed to be successor guardian or if Rivera is disqualified pursuant to Subchapter H of Chapter 1104 as alleged by the Commission. Instead, appellants, without citation to appropriate authority or substantive legal analysis, assert that the trial court failed to "find" that Rivera is disqualified and that it is not in Thomson's best interest that Rivera be

---

[4] In the order, the trial court found that Ross did not have the certification required to serve as Thomson's court-appointed attorney pursuant to the estate code. *See* TEX. EST. CODE ANN. § 1054.201. The trial court further found that Rivera's application to serve as Thomson's guardian was not in compliance with § 1203.151 of the estate code because Thomson's guardian, the Commission, had not filed a notice of availability of successor guardian. *See id.* § 1203.151.

4

appointed Thomson's successor guardian. However, appellants do not explain how the trial court must have shown that it made these findings. Therefore, we construe the argument as challenging that the trial court failed to make written findings.

A trial court that becomes aware of the existence of a family member or friend of a ward of a governmental entity that is willing and able to serve as the ward's successor guardian "the court shall determine whether the proposed successor guardian is qualified to serve under this title as the ward's successor guardian." TEX. EST. CODE ANN. § 1203.152. The estate code does not set out a procedure for the trial court to follow in determining whether the applicant is qualified to serve as the ward's successor guardian. *See id.* Nonetheless, "[i]f the court finds . . . that the proposed successor guardian for a ward is not disqualified from being appointed as the ward's successor guardian under Subchapter H, Chapter 1104, and that the appointment is in the ward's best interests," either "the governmental entity serving as the ward's guardian or the trial court, on the court's own motion, may file an application to appoint the individual as the ward's successor guardian." *Id.* § 1203.153. Subchapter H of Chapter 1104 sets out that a person is disqualified from serving as a guardian for several reasons including, among other things, the following: incapacity or inexperience, unsuitability, notoriously bad conduct, conflict of interest, disqualified in declaration, and lack of certain required certification. *Id.* §§ 1104.301–359.

In her motion, Rivera requested for the trial court to find that she is not disqualified to serve as Thomson's guardian and that it is in Thomson's best interest that she be appointed Thomson's guardian. In its response, the Commission argued that Rivera is disqualified because she is unsuitable and has an adverse interest to Thomson and that

it is not in Thomson's best interest to appoint Rivera as successor guardian. Specifically, the Commission stated, "[T]he pleadings . . . demonstrate that Rivera is acting on behalf of Ross to subvert the court's ruling on the Motion to Show Authority. Rivera's participation in this matter shows that she is placing the claims of Ross, that have already been ruled against by this Court, over and against the best interest of the Ward." The Commission further argued that the trial court was not required to hold a hearing when making its determination that Rivera was disqualified. Rivera does not argue on appeal and did not argue in the trial court that a hearing was required, and the estate code does not specifically state that a hearing is required. Generally, even if an evidentiary hearing is required, "when a party does not object to the trial court's failure to conduct an evidentiary hearing, error is waived." *Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 820 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (internal quotations omitted). Therefore, assuming arguendo that a hearing was required, Rivera waived error, if any, in the trial court's failure to have one. *See id.*

When a trial court denies the relief requested by a party, we must infer all findings necessary to support the trial court's judgment if no findings of fact and conclusions of law are requested or made. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). Here, there are no written findings of fact, and none were requested by appellants. Therefore, we must infer all necessary findings to support the trial court's judgment. The trial court denied Rivera's requested relief after considering the argument of the Commission based on the pleadings of the parties. Rivera did not object to the trial court's reliance on the pleadings, and she did not object on the basis that the trial court did not have a hearing on the matter.

6

Moreover, an appellant must challenge all independent grounds supporting the order or judgment at issue *Id.* at 819. Rivera has not specifically challenged that the pleadings show that she is disqualified from serving as Thomson's successor guardian and that it is not in Thomson's best interest that she be appointed successor guardian on the grounds argued by the Commission. Instead, she claims, without any support in the record, that the trial court failed to make these findings. However, Rivera cites no authority, and we find none, requiring the trial court to make written findings of fact under these circumstances. Accordingly, this argument is without merit. To deny Rivera's request to be the successor guardian, the trial court must have made those findings, and Rivera has not shown that the trial court was required to sua sponte make written findings of fact. Accordingly, we conclude that by denying Rivera's requested relief, the trial court implicitly found that Rivera is not qualified and that it is not in Thomson's best interest for Rivera to be her successor guardian. *See id.*

Finally, only if the trial court finds that the person is not disqualified and that it is in the ward's best interest to allow the person to serve as the guardian, then either the government entity or the trial court may file an application to appoint the individual as the ward's successor guardian. Because the trial court denied all relief requested by Rivera in her pleading to be appointed Thomson's successor guardian, neither the Commission nor the trial court was required to file an application to appoint Rivera as Thomson's successor guardian. *See* TEX. EST. CODE ANN. § 1203.153. We overrule appellant's sole issue.

### III.  Conclusion

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of January, 2021.